UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| D. SCOTT FLORER,<br><br>    Plaintiff,<br><br>    v.<br><br>FORD MOTOR SERVICE COMPANY, INC.; LITHIA MOTORS SUPPORT SERVICES INC.; JAMES D. FARLEY JR.; LISA DRAKE; BRYAN DEBOER; CHRIS HOLTZSHU; RHETT SHEEDER; RICH STUART; ANGELO SANCHEZ; TRAVIS STEAR; and LISA CRABTREE,<br><br>    Defendants. | Case No. 1:22-cv-00449-BLW-DKG<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Debora K. Grasham. *See* Dkt. 57. No objections were filed, and the matter is ripe for this Court's consideration.

The Court will adopt the Report & Recommendation in part, with the modifications explained below. In a nutshell, the Court will: (1) grant Plaintiff's motion to amend his complaint to add two new defendants – Ford Motor Company and Lithia Ford of Boise, Inc.; and (2) deny Plaintiff's motion to add Lithia

MEMORANDUM DECISION & ORDER - 1

Motors, Inc. as a defendant.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a de novo review. To the extent that no objections are made, arguments to the contrary are waived, and "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## DISCUSSION

Plaintiff D. Scott Florer owns a 2013 Ford F150 pickup. By July of 2020, the pickup had "developed an engine piston knock and metal pieces in the oil filter." *Compl.*, Dkt. 1, at 4. He got in touch with an entity identified in the complaint as "LMC Ford of Boise ID," *id.*, to get an estimate for replacing the engine. The engine was replaced but failed. Florer alleges various claims as a result of the failed repair. He seeks "[1] a Refund of the purchase price against Defendant Warrenter FMC; [2] a replacement of the Reman. engine by LMC absent any

depreciation and [3] Incidental/Consequential/Compensatory/Punitive/ Statutory/ Other applicable damages in the amount of $100,000 . . . ." *Id.* at 19.

From a procedural standpoint, the lawsuit began simply enough: Florer filed a complaint naming several individual defendants and two corporate defendants: "Ford Motor Service Company Inc." and "Lithia Motors Support Services Inc." But when Florer presented summonses to the Court Clerk for issuance, the corporations named on the summonses didn't match up with the corporations identified in the complaint. One summons identified "Lithia Ford of Boise" and the other identified "Ford Motor Company." (Recall that the corporate defendants named in the complaint are Ford Motor *Service* Company, Inc., and Lithia Motors *Support Services* Inc.) Despite these differences, the Court Clerk issued the summonses. *See* Dkts. 14, 15.

After that, Lithia Ford of Boise, Inc. – the Lithia entity named in the summons but not the complaint – filed an answer and has been participating in the litigation. *See, e.g., Answer,* Dkt. 36, *Corporate Disclosure,* Dkt. 38; *Initial Disclosures,* Dkt. 49. Meanwhile, the Lithia entity named in the complaint – Lithia Motors Support Services Inc. – has never shown up, perhaps because it does not appear that a summons was issued for this defendant, and there is no evidence that such an entity was served.

Moving to the "Ford" entities, Ford Motor Service Company, Inc. – the

MEMORANDUM DECISION & ORDER - 3

entity named in the complaint but not in the summons on file with the Court – has appeared, filed an answer, and otherwise been participating in the litigation. "Ford Motor Company," however, has not appeared in this action, despite the fact that the Clerk issued a summons for that entity and Florer has filed a proof of service.[1]

Given this state of affairs, a practical solution springs to mind: Why not allow the plaintiff to amend the complaint and summonses, as necessary, such that the two line up? That is, plaintiff could amend his complaint to add Lithia Ford of Boise, Inc. and drop Lithia Motors Support Services Inc. Then, the Court could order that the summons for "Ford Motor Company" be amended, nunc pro tunc, to name "Ford Motor *Service* Company, Inc."

Unfortunately, it's not that simple for at least two reasons:

First, a different corporate entity, Lithia Motors, Inc. – despite not being named in the complaint – has appeared in this action and has been litigating alongside the other unnamed Lithia entity that has been participating as a defendant (Lithia Ford of Boise, Inc.). *See Motion Mem.* Dkt. 6, at 2 (stating that plaintiff served the complaint upon Lithia Motors, Inc.) (citing *Collaer Dec.,* Dkt. 8, ¶ 2 & Ex. 1 thereto). Most notably, Lithia Motors, Inc. filed a Motion to Dismiss

---

[1] The Court will not reach the issue of whether service was proper on Ford Motor Company.

MEMORANDUM DECISION & ORDER - 4

for Lack of Personal Jurisdiction, which is now before the Court by way of the Magistrate Judge's Report & Recommendation. *See* Dkt. 5.

Second, although Florer initially indicated a willingness to drop some defendants and replace them with others, he now says he does not wish to drop any defendants. *See Reply,* Dkt. 54, at 1. To the contrary, he asks to add three defendants to his complaint: Ford Motor Company, Lithia Motors, Inc., and Lithia Ford of Boise, Inc. *See id.* That would bring us to a grand total of five corporate defendants: (1) Ford Motor Service Company Inc.; (2) Ford Motor Company; (3) Lithia Motors Support Services Inc.; (3) Lithia Motors, Inc.; and (5) Lithia Ford of Boise, Inc.

1. **Plaintiff' Joinder Motion**

To resolve these complications, the Court will begin by addressing Florer's joinder motion. *See* Dkt. 48. The Magistrate Judge recommends that the Court partially grant the motion by allowing Florer to join two entities – Ford Motor Company and Lithia Ford of Boise, Inc. – as defendants. As for the third entity – Lithia Motors, Inc. – the Magistrate Judge recommends denying the motion.

No party (or anyone participating in this litigation) has objected to that recommendation, and the Court does not see any error in it. Accordingly, the Court will adopt the recommendation. But rather than approaching the issue from a joinder angle, the Court will direct Florer to amend his complaint. In moving for

joinder, Florer asked, in the alternative, for permission to file an amended complaint adding Ford Motor Company, Lithia Ford of Boise, Inc. and Lithia Motors, Inc. as defendants.[2] The Court will partially grant that alternative motion, by allowing Mr. Florer to file an amended complaint, within 21 days of this Order, adding Ford Motor Company and Lithia Ford of Boise, Inc. as defendants.

If plaintiff does not file an amended complaint within 21 days, then the litigation will proceed as follows: (1) the Court will dismiss named defendant Lithia Motors Support Services Inc. for failure to prosecute; (2) the Court will assume that plaintiff is content to proceed against named defendant Ford Motor Service Company Inc. and *not* against Ford Motor Company; and (3) the Court will find that Lithia Ford of Boise, Inc. – despite not being named in the caption – is before the Court based on the repeated references in the complaint to "LMC Ford of Boise" or "LMC Ford Boise." *See, e.g., Compl.,* Dkt. 1, ¶¶ 45, 91, 93, 101, 102.

## 2.   Lithia Motors Inc.'s Motion to Dismiss for Lack of Jurisdiction

The Court will not allow Florer to amend his complaint to add Lithia Motors, Inc. because such an amendment would be futile.

---

[2] The Report & Recommendation states that an amended complaint has been filed. *See Apr. 28, 2023 Report & Recommendation,* Dkt. 57, at 2 n.1. At this point, however, Florer has not been filed an amended complaint. Rather, he has simply filed a *proposed* amended complaint alongside his motion for joinder or, in the alternative, to amend.

As noted above, Lithia Motors, Inc. has appeared in this action – despite not being named as a defendant – and has filed a motion to dismiss for lack of jurisdiction. In the context of filing that motion, Lithia Motors, Inc. says that when Florer named Lithia Motors *Support Services* Inc. as a defendant, he actually meant to name a different entity – Lithia Motors, Inc. *See Motion Memo.,* Dkt. 6, at 6. The Court will leave it to plaintiff to determine and clarify which Lithia entities he intended to sue. More to the point, because Florer has indicated he does not wish to drop *any* of the existing defendants, the Court will presume he intends to sue Lithia Motors, Inc., Lithia Ford of Boise, Inc., *and* Lithia Motors Support Services Inc. Beyond that, however, the Court concurs with the Magistrate Judge's conclusion that the Court lacks jurisdiction over Lithia Motors, Inc. For that reason, the Court will deny Florer's request to amend his complaint to include Lithia Motors, Inc.

Given this ruling, Lithia Motors, Inc.'s motion to dismiss is moot. The Court did consider the arguments made in that motion, however, in deciding that Florer should not be allowed to amend his complaint to include Lithia Motors, Inc.

### ORDER

IT IS ORDERED that:

1. The Report & Recommendation (Dkt. 57) is **ADOPTED IN PART** as the order of this Court, as further explained above.

2. Plaintiff's Motion for Joinder (Dkt. 48) is **GRANTED IN PART** to the extent that Mr. Florer may file an amended complaint adding Ford Motor Company and Lithia Ford of Boise, Inc. as defendants. The joinder motion is **DENIED** in all other respects. The Motion is **DENIED** to the extent that Florer seeks to add Lithia Motors, Inc. as a defendant.

3. If plaintiff chooses to file an amended complaint, he shall do so within 21 days of this Order. If plaintiff does not file an amended complaint within 21 days of this Order, then the litigation will proceed as follows:

   a. The Court will dismiss, without prejudice, named defendant Lithia Motors Support Services Inc. for failure to prosecute;

   b. The Court will find that Lithia Ford of Boise, Inc. – despite not being identified in the caption – is properly before the Court as a defendant in this action; and

   c. The parties would thereafter be directed to identify only the following two corporate defendants in the caption: Ford Motor Service Company Inc. and Lithia Ford of Boise, Inc. (The parties would continue to include the remaining *individual* defendants in the caption.)

4. The Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 5), filed by Lithia Motors, Inc., is **DEEMED MOOT.**

5. Plaintiff's request to dismiss individual defendants James D. Farley Jr.,

Lisa Drake, Bryan DeBoer, and Chris Holtzshu without prejudice (filed within the Status Report at Dkt. 61) is **GRANTED**. Accordingly, **Defendants Farley, Drake, DeBoer, and Holtzshu are DISMISSED WITHOUT PREJUUDICE.**

6.  The Clerk is directed to terminate the motion at Dkt. 51, as that document simply indicated that Lithia Ford of Boise, Inc. joined in a response filed by Defendant Ford Motor Service Company Inc.

DATED: June 4, 2023

_____
B. Lynn Winmill
U.S. District Court Judge