UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| D. SCOTT FLORER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY; LITHIA FORD OF BOISE, INC.; RHETT SHEEDER; RICH STUART; ANGELO SANCHEZ; TRAVIS STEER; LISA CRABTREE, SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES,<br><br>　　　　　Defendants. | Case No. 1:22-CV-00449-BLW-DKG<br><br>**REPORT AND RECOMMENDATION RE: MOTION FOR DEFAULT JUDGMENT**<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION TO STRIKE** |

## INTRODUCTION

Before the Court in the above-entitled matter are Plaintiff's Motion for Entry of Default Judgment against Lithia Ford of Boise and Motion to Strike Lithia Ford of Boise's Amended Answer (Dkt. 86, 96), which have been referred to the undersigned by District Judge Winmill.[1] (Dkt. 53). The motions have been fully briefed and are ripe for the Court's

---

[1] Federal Rule of Civil Procedure 72(a) provides that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must. . . when appropriate, issue a written order stating a decision." Fed. R. Civ. P. 72(a). In contrast, a magistrate judge when hearing a pretrial matter dispositive of a claim or defense, must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1).

REPORT AND RECOMMENDATION; ORDER - 1

consideration. (Dkt. 86, 87, 96, 97, 106, 107, 108, 109). Having fully reviewed the record herein, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the decisional process would not be aided by oral argument, the motions will be decided on the record presently before the Court. Dist. Idaho L. Rule 7.1(d). For the reasons that follow, the Court recommends that the Motion for Entry of Default Judgment be denied. Furthermore, the Motion to Strike will be denied.

## BACKGROUND

This case arises from a customer dispute over vehicle repairs and applicable warranty terms. In July 2020, Plaintiff D. Scott Florer contacted a Boise Lithia Motors repair center for assistance with replacing his truck engine. (Dkt. 1 at 4). After a series of events and communications with the repair center staff between July 2020 and September 2021, Florer alleges the repair center was unable to resolve the problem with the engine. (Dkt. 1 at 4-14).

On October 26, 2022, Florer filed a Complaint with the Court alleging six total claims against Defendants under the Magnuson-Moss Warranty Act ("MMWA") and various Idaho state law provisions. (Dkt 1 at 15-19). Lithia Ford of Boise was not originally named as a defendant in Florer's first Complaint, instead the Complaint identified "Lithia Motors Support Services Inc.". (Dkt. 1 at 1-3). The corporations listed on the initial summonses did not match the corporations identified in the Complaint, but nonetheless, a summons was issued for Lithia Ford of Boise. (Dkt 15). Lithia Ford of Boise filed an answer to Florer's initial Complaint and has been participating in the litigation. (Dkt. 36,

REPORT AND RECOMMENDATION; ORDER - 2

38, 49). On June 04, 2023, Florer was directed to file an amended complaint naming the proper defendants and the Court found that despite not being named in the initial Complaint, Lithia Ford of Boise is properly before the Court as a defendant in this action. (Dkt. 63 at 8).

On June 16, 2023, Plaintiff filed his First Amended Complaint. (Dkt. 65). The same counsel represents Lithia Ford of Boise and the five named individuals employed by Lithia at the time the events triggering filing of the present case occurred. (Dkt. 107 at 2). The individual employees filed an Answer to Florer's First Amended Complaint on August 4, 2023, but the entity, Lithia Ford of Boise, was not listed as an answering defendant. (Dkt. 77). On August 25, 2023, Florer filed a Motion for Default Judgment against Lithia Ford of Boise pursuant to Federal Rule of Civil Procedure 55(a), arguing the Answer filed did not identify Lithia Ford of Boise, and therefore they have failed to file a responsive pleading or otherwise defend. (Dkt. 86). On August 28, 2023, counsel for Lithia and the individual employees filed an Amended Answer to Florer's First Amended Complaint, naming the answering defendants as both the entity Lithia Ford of Boise and the previously named individual employees. (Dkt. 90). Lithia Ford of Boise also filed a response to Florer's Motion for Default Judgment, asserting that the Lithia entity was inadvertently omitted from the initial description of the answering defendants due to a scrivener's error. (Dkt. 107 at 2).

Additionally, Florer filed a Motion to Strike Lithia Ford of Boise's Amended Answer, because it was filed beyond the timeframe to file a responsive pleading pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i) and (f). (Dkt. 96). Lithia Ford of Boise

REPORT AND RECOMMENDATION; ORDER - 3

responded, arguing the remedy sought by Florer on the basis of a typographical error would be inappropriate and there is no good cause to strike Lithia's Amended Answer from the record. (Dkt. 106 at 2).

## LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and the fact is made to appear by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A judgment of default may, thereafter, be entered on application to the Court. *Thomason v. Moeller*, 2017 U.S. Dist. LEXIS 8462 at *23 (D. Idaho Jan. 29, 2017). *See* Fed. R. Civ. P. 55(b); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (noting the "two-step process" required by Rule 55: (1) request for clerk's entry of default under Rule 55(a); and (2) subsequent motion for default judgment under Rule 55(b)).

There exists a "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1472. Default by a defendant does not automatically entitle plaintiff to a court-ordered judgment, the Court's decision whether to enter a default judgement is a discretionary one. *Aldabe v. Aldabe*, 616 F. 2d 1089, 1092 (9th Cir. 1980). "Factors which may be considered by courts in exercising discretion as to the entry of default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying

REPORT AND RECOMMENDATION; ORDER - 4

the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

Federal Rule of Civil Procedure 12(f) allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . .." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Rule 12(f) motions are 'generally regarded with disfavor[.]'" *Hayes v. Nettles*, 2019 U.S. Dist. LEXIS 190220 at *3 (D. Idaho Oct. 29, 2019) (citing *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). *See also Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."). Granting a motion to strike is a discretionary determination to be made by the court. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).

## DISCUSSION

### 1. Motion for Default Judgment

There are several procedural and substantive problems with Florer's Motion for Default Judgment against Lithia Ford of Boise. First, Florer has improperly asked this Court to enter a default judgment without first obtaining an entry of default by the clerk, in accordance with the requirements of Rule 55. Fed. R. Civ. P. 55; *Bach v. Mason*, 190 F.R.D. 567, 574 (D. Idaho Oct. 21, 1999) ("Plaintiffs have improperly asked this court to

REPORT AND RECOMMENDATION; ORDER - 5

enter a default judgment without first obtaining an entry of default by the clerk. Since plaintiffs' motion for entry of default judgment is improper, it is denied.").

However, even if the Court were to treat Florer's motion as having complied with the procedural requirements of Rule 55, the harsh sanction of default judgment against Lithia Ford of Boise is not warranted here. Fed. R. Civ. P. 55. Although Lithia was not originally named as a defendant in Florer's initial complaint, the Court found that Lithia was a proper defendant in this case, especially as they had already answered the initial complaint and submitted a corporate disclosure statement and discovery plan. (Dkt. 36, 38, 43). Lithia has also responded to multiple of Florer's motions. (Dkt. 93, 101, 106, 107).

While the Court cautions Lithia to be diligent in their filings to include the names of all responding or answering parties, the *Eital* factors weigh strongly against the entry of default judgment here. 782 F.2d at 1471-72. Florer makes no convincing showing of prejudice resulting from Lithia not being listed as an answering defendant when the initial Answer (Dkt. 77) was originally filed. Lithia's Amended Answer was filed 24 days later, containing the exact same information as stated in the original Answer, but including the entity, Lithia Ford of Boise, as an answering defendant. Although Florer has since spent additional time and resources filing this Motion for Default Judgment, the Motion was prematurely filed before a clerk's entry of default. Florer was provided with all the information available in the initial Answer to his Amended Complaint prior to filing this motion, and Lithia has previously and since shown a willingness to defend against Florer's claims. The case is still in the discovery phase, and no interruption has

REPORT AND RECOMMENDATION; ORDER - 6

been occasioned by the delay in listing the entity, Lithia, as an answering defendant in the initial Answer. The Court is not persuaded that Florer was prejudiced by the delay in amending the Answer to include Lithia Ford of Boise as an answering defendant.

Additionally, the failure to list Lithia as an answering defendant appears to be due to excusable neglect. Lithia gives a good faith explanation (scrivener's error) for not listing Lithia as an answering defendant along with the individual employees. (Dkt. 107). Lithia states the name was inadvertently omitted and went unnoticed by counsel. (Dkt. 107, 107-1). Counsel for Lithia responded to Florer's email the day the initial answer to the Amended Complaint was filed, informing him that an answer had been filed[2]. (Dkt. 108-1). A finding of excusable neglect in failing to include Lithia Ford of Boise is further supported considering the Amended Answer is identical to the initial Answer, except for the inclusion of Lithia Ford of Boise as an answering defendant. (Dkt. 77, 90).

Florer also argues default judgment is warranted because both the initial Answer in which Lithia was omitted as an answering defendant, and the subsequent Amended Answer including Lithia among the answering defendants, was untimely filed. (Dkt. 108). However, despite the untimely nature of Lithia's Answer, the Ninth Circuit

---

[2] Counsel for Lithia Ford and the individual employees responded via email on August 4th, 2023, to a letter from Florer asking if an answer would be filed, stating, "The answer to your amended complaint was filed today." (Dkt. 108-1). Florer argues that counsel for Lithia was aware that the amended answer did not include Lithia Ford of Boise because he told them via email, "Default on Lithia Ford coming soon" and stated in a letter that "no one represents Lithia Ford of Boise". (Dkt. 108-1). However, per the Affidavit by counsel who prepared the initial amended answer (Dkt. 77), she did not notice the inadvertent omission of Lithia Ford of Boise in the list of answering defendants and intended to answer on behalf of all defendants represented by the corresponding law firm. (Dkt 107-1 at ¶¶ 4, 7-8).

REPORT AND RECOMMENDATION; ORDER - 7

disfavors default judgment, and has set aside an entry of default where good cause exists for the failure to timely file. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 693 (9th Cir. 2001); Fed. R. Civ. P. 55(c). Good cause can be established where defendants did not engage in culpable conduct, and conduct is not culpable if "the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process." *TCI*, 244 F.3d at 697. The Court cannot identify what benefit Lithia would derive by intentionally not being listed as an answering defendant in the initial Answer to Florer's Amended Complaint, and the affidavit by Lithia's counsel supports a finding that there is a good faith explanation for Lithia's omission in the initial Answer. (Dkt. 107, 107-1). The Court finds Lithia did not engage in culpable conduct necessitating the entry of default judgment in this case.

Lithia's failure to timely answer and include the entity name along with the individual employees in their initial Answer to Florer's Amended Complaint does not warrant an entry of default judgment, especially considering the general policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eital*, 782 F.2d at 1472. Because the *Eital* factors weigh heavily against an entry of default judgment, the Court recommends that Florer's Motion for Entry of Default Judgment be denied.

### 2. Motion to Strike

Florer motions to strike Lithia Ford of Boise's Amended Answer (Dkt. 90), for failure to timely file a responsive pleading as required by Federal Rule of Civil Procedure

REPORT AND RECOMMENDATION; ORDER - 8

12.[3] (Dkt. 96, 97). Florer moves to strike pursuant to Rule 12(f), which provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Florer does not state an applicable Rule 12(f) ground to strike the pleading in his Motion, stating merely that the answer is untimely. (Dkt. 96, 97). However, in his reply, Florer alleges he was prejudiced by Lithia's answer, and it relates to a "scandalous matter". Fed. R. Civ. P. 12(f); (Dkt. 109).

Florer's argument that he is prejudiced by Lithia's delay in answering his Amended Complaint is not supported. Florer argues he is prejudiced because Lithia is in default and therefore the case between Florer and Lithia Ford is over. (Dkt. 109). Although Lithia Ford of Boise did not timely answer, there was no entry of default as to Lithia and as explained in greater detail above, it is recommended that the Court decline to enter default judgment against Lithia Ford of Boise. Discovery is still ongoing between the parties, and all information in Lithia's Amended Answer was available to Florer when the initial Answer was filed, just without Lithia Ford listed among the defendants. (Dkt. 77). Florer has not demonstrated prejudice to warrant the Court striking Lithia's Amended Answer.

---

[3] Florer cites to Rule 12 when arguing Lithia's Amended Answer is untimely. The applicable rule for responding to amended pleadings is Federal Rule of Civil Procedure 15, which provides that "[u]nless the court orders otherwise, any required response to an amended pleading must be made. . .within 14 days after service of the amended pleading. . ." Fed. R. Civ. P. 15(3). However, whether the Amended Answer should have been filed in 14 or 21 days, as required under Rule 12, does not change the Court's outcome on Florer's Motion to Strike. Fed. R. Civ. P. 12.

REPORT AND RECOMMENDATION; ORDER - 9

Further, Florer argues that Lithia's Answer should be stricken because it is a "scandalous matter" under Rule 12(f), insofar as Lithia did not file an Amended Answer including the entity name as an answering defendant until after Florer had filed his Motion for Default Judgment. (Dkt. 109). However, "[s]candalous matters are allegations that 'unnecessarily reflect[] on the moral character of an individual or state[] anything in repulsive language that detracts from the dignity of the court.'" *Consumer Sols. REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009) (citations omitted). None of the information in Lithia's Answer or the fact that it was not filed in a timely matter is considered scandalous in the context of Rule 12(f). Florer has made no credible claim which would warrant striking Lithia's Amended Answer from the record.

## RECOMMENDATION

NOW THEREFORE IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Entry of Default Judgment (Dkt. 86) be **DENIED**.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Strike (Dkt. 96) is **DENIED**.

DATED: October 18, 2023

_____
Honorable Debora K. Grasham
United States Magistrate Judge