Scott Florer, Pro-Se

# UNITED STATES DISTRICT COURT IN THE SOUTRERN DISTRICT OF IDAHO

| | |
|---|---|
| S. FLORER | CASE NO. 1:22-cv-0449-BLW/DKG |
| v | APPLICATION TO THE CLERK FOR |
| FMC, et.al. | ENTRY OF DEFAULT SUM CERTAIN |
| | AGAINST LITHIA FORD OF BOISE |

COMES NOW THE PLAINTIFFS Application to the Clerk for Entry of Default Sum Certain Against Lithia Ford of Boise under F.R.C.P. Rule 55.

## I. SUBTANTIVE LAW

(a) **Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) **Entering a Default Judgment**. (1) *By the Clerk*. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a

defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person. Fed.R.Civ.P. Rule 55(a), (b)(1).

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and the fact is made to appear by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A judgment of default may, thereafter, be entered on application to the Court. Thomason v. Moeller, 2017 U.S. Dist. LEXIS 8462 at *23 (D. Idaho Jan. 29, 2017). See Fed. R. Civ. P. 55(b); Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (noting the "two-step process" required by Rule 55: (1) request for clerk's entry of default under Rule 55(a); and (2) subsequent motion for default judgment under Rule 55(b)).

## II. STATEMENT OF FACTS

The plaintiff filed a First Amended Complaint against, inter alia, Lithia Ford of Boise ("Lithia") on June 16th, 2023. Dkt. No. 65; See also, Florer Decl. The Summons for Lithia was issued on June 16th, 2023. Dkt. No. 66, Attachment #2 p. 66-2; The Summons was Returned Executed on July 7th, 2023. Dkt. No. 72 p. 4-6; See also, Florer Decl.

The Summons and Complaint was served upon Litha's State of Idaho registered agent of record National Registered Agents whom signed for the delivery on June 28th, 2023. Dkt. No. 72

p. 4-6; See also, Florer Decl. Proof of Service of Summons and Complaint. Id. Lithia has failed to file a responsive pleading or otherwise defend. See, Docket No. 77; See also, Florer Decl.

The time-frame to respond as noticed in the summons (Dkt. No. 66-2) is twenty one (21) days from June 28th, 2023 is July 19th, 2023. Docket Number 77 does not answer for the named cooperate entity defendant Lithia Ford of Boise. Docket Number 77 Answers for the named defendant employees of the corporate entity only. Id; See also, Florer Decl.

### III. ENTRY OF DEFAULT

The plaintiff moves the Clerk for an entry of default against Lithia for failure to plead or otherwise defend as to Claims Numbers 3, 4, 5, and 6 in the SUM CERTAIN AMOUNT OF $39,700.84. See, Florer Decl.

Under F.R.C.P. Rule 55(a). Default; Default Judgment (a) ENTERING A DEFAULT. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. (b) ENTERING A DEFAULT JUDGMENT. (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk— on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person. (2) By the Court. In all other cases, the party must apply to the court for a default judgment. Fed.R.Civ.P. Rule 55(a), (b)(1), (2).

Here, the named corporate entity defendant Lithia Ford of Boise does not appear on the answer on page one (1) of docket number 77.

The Answer states "COME NOW, the above entitled Defendants, Rhett Sheeder, Rich Stuart, Angelo Sanchez, Travis Stear and Lisa Crabtree (hereinafter "Answering Defendants"), by and through their attorneys of record, Anderson, Julian & Hull, LLP, and answers the Plaintiff's First Amended Complaint as follows:" See, Dkt. No. 77 at p. 1.

The plaintiff filed First Amended Complaint (FAC) against, inter alia, Lithia Ford of Boise on June 16th, 2023. Dkt. No. 65. The Summons for Lithia was Issued that same day. Dkt. No. 66, Attachment #2 p. 66-2. The Summons was Returned Executed on July 7th, 2023. Dkt. No. 72 p. 4-6. The Summons and Complaint was served upon Litha's registered agent National Registered Agents whom signed for the delivery on June 28th, 2023. Id.

Lithia has failed to file a responsive pleading or otherwise defend. The time-frame to respond as noticed in the summons (Dkt. No. 66-2) is twenty one (21) days from delivery on June 28th, 2023. An answer or motion under F.R.C.P. Rule 12 was due by July 19th, 2023.

The plaintiff is now entitled to a Entry of Default.

In the Ninth Circuit, This language means the defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. New York Life Ins. Co. v. Brown, 84 F3d 137, 141 (5th Cir. 1996).

IV. CLAIMS

The claims, monetary demand, and declaratory relief in the FAC against Lithia Ford of Boise are as follows:

CLAIM NUMBER 3

FAILRE TO DISCLOSE WARRANTY TERMS

Only after Pre-sale and Sale of the warranted consumer product have Defendant Warranters disclosed their Written-Warranty/Limited-Warranty/Express-Warranty terms "compare to like vehicle same noise" and "no abnormal noise", thus, a misrepresentation to the Consumer because the aforesaid terms constitute an actual Warranty and are not part of the bargain. Had these terms been disclosed Pre-sale/sale, the Plaintiff would not have transacted business with the Defendants, nor would the Plaintiff had done so had the Defendants disclosed that "abnormal noise" is not covered by their Reman Engine Warranty. These action/inactions by the Defendants have breached the terms of their Warranty. Said terms are required to be disclosed fully and conspicuously in simple and readily understood language pursuant to Title 15 U.S.C. Ch. 50, Sec. 2302(a)(4),(6) and Sec. 2302(b)(1)(A); Title 16 CFR Vol. 1, Sub. Sec. G, Part 701.3(2),(3) and Part 702.2, 702.3(a)(1)-(2), (b); The Defendants actions/inactions are unconscionable, misleading, false, and deceptive in violation of Idaho Code Title 48 Ch. 6, Sec. 603(17)-(18), 603C. Plaintiffs Prayer For Relief on this claim is a refund of the purchase price against each Dft

Warranter and Incidental/Consequential/Compensatory/Punitive/Statutory/Other applicable Damages in the amount of 100,000.00 and Declaratory Relief pursuant to Title 28 U.S.C. Sec. 2201 that, the aforesaid terms used by Defendant Warranters are part of their Warranty and must be disclosed Pre-sale/sale.

## CLAIM NUMBER 4

### DFT'S WARRANTY IS UNILATERAL

The Defendant's warranty allows them alone to determine, (a) what is a defect, and (b) what is not a defect, in violation of 15 USC 2302(a)(1)-(13); Title 16 CFR Vol. 1, Sub. Sec. G, Part 700, Sub. Part 700.8. And unconscionable, misleading, false, and deceptive in violation of I.C. Title 48 Ch. 6, Sec. 603 (17),(18) and Sec. 603C. Pltf Prayer For Relief on this claim is a refund of the purchase price against each Defendant Warranter and Incidental/Consequential/Compensatory/Punitive/Statutory/Other applicable Damages in the amount of 100,000.00 and Declaratory Relief pursuant to Title 28 U.S.C. Sec. 2201 that, the Defendants cannot unilaterally determine what is and what is not a defect.

## CLAIM NUMBER 5

### DFT'S WARRANTY IS A FULL WRITTEN-WARRANTY

Defendant Lithia's written affirmation of fact or written promise is that, the Reman engine is warranted for "Three (3) years or 50,000.00 miles whichever occurs first" meets the Statutory

Definition of "Full Written-Warranty". 15 U.S.C. Ch. 50 Sec. 15 U.S.C. 2301(6) and 2303(a)(1); 16 C.F.R. Vol. 1, Sub. Sec. G, Part 700.3(a). Pltf Prayer For Relief on this claim is Declaratory Relief pursuant to Title 28 U.S.C Sec. 2201 that, Defendants Written-Warranty be conspicuously designated as a "Full Written-Warranty".

CLAIM NUMBER 6

INSTALLER WORKMANSHIP DEFECT

The Seller/Installer Lithia, trained in materials and workmanship by FMC, failed in the nature of the material and/or workmanship during the removal/installation of the Reman engine by only replacing the upper radiator hose and not the Lower Radiator Hose, that at 2,400 miles and/or twenty-eight (28) days since the installation "broke" according to Lithia. Thus, causing engine failure as well as causing the Reman three (3) malfunctions. DTC's 1285 Cylinder head Overtemperature; 1299 Limp Mode; P0015 Bank 1 Camshaft Over-advanced. Therefore, a defect by the Installer as to the nature of the material and/or workmanship. Lithia's intentional actions/inactions of claiming that, "Take it to another dealer" "We cannot look at for a couple weeks" and instructing the Pltf on how apply the "Sheeder Fix" to the lower radiator hose were steps taken to misrepresent the Warranters Warranty and stall/mislead the Consumer beyond the Warranter's Policy Manuel that reads in pertinent part, "if the engine long block was replaced within the last 30 days…the engine long block can be replaced again. If it has been more than 30 days since the engine long block has been replaced" than repair. The Defendant's elected repair over replacement within the first 30 days of installation of the Reman engine, these actions by

Defendants are not part of the bargain, thus, the Defendant's breached the terms of their Warranty. The Defendants intentional actions/inactions also violate Idaho Code Title 48 Ch. 9, Sec. 903; Idaho Code Title 48 Ch. 603(17)-(18), 603C as unconscionable, misleading, false, and deceptive. Had this required warranty information been disclosed pursuant to 15 U.S.C. 2304(a)(4) that the Warranter's will disassemble a brand-new consumer product Generation III Reman. engine that had engine failure as well as malfunctioned within the first 30 days, or said another way, before the first required oil/filter change at 5,000 miles, the Consumer would not have transacted any business with the Defendant's. The basis of the bargain relied upon is that the Reman will be replaced under the circumstances. It is now Consumer Choice of Remedy Pursuant to 15 U.S.C. Ch. 50 Sec. 2304(a)(4); Idaho Code Title 48 Ch. 9, Sec. 903 (1), (2), (5)-(7).

## V. SUM CERTAIN

The amount of the Invoice from Lithia Ford of Boise is $9,925.21. <u>See</u>, Florer Decl., Attachment A, Lithia Ford of Boise Invoice #933823. Multiplied by four (4) is $39,700.84.

10/22/2023

Scott Florer

/s/<u>Scott Florer</u>

CERTIFICATE OF SERVICE 1:22CV449-BLW/DKG

I certify that on October 22nd, 2023 I filed the enclosed documents electronically thru the courts iCourt/e-File sys. which caused the following parties or counsel to be server by electronic means:

P.J. Collaer pcollaer@ajhlaw.com 250 S Fifth St. Ste. 700 PO Box 7426 Boise ID 83707

J.T. Simmons jsimmons@evanskeane.com

A. Bell abell@evanskeane.com 1161 W River St. Ste. 100 PO Box 959 Boise ID 83701

10/25/2023

Scott Florer

/s/Scott Florer

Case 1:22-cv-00449-BLW-DKG  Document 123  Filed 10/22/23  Page 10 of 10