UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| D. SCOTT FLORER,<br><br>               Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY; LITHIA FORD OF BOISE, INC.; RHETT SHEEDER; RICH STUART; ANGELO SANCHEZ; TRAVIS STEER; LISA CRABTREE, SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES,<br><br>               Defendants. | Case No. 1:22-CV-00449-BLW-DKG<br><br>**REPORT AND RECOMMENDATION RE: MOTION FOR JOINDER** |

## INTRODUCTION

Before the Court is Plaintiff's Motion for Joinder of AER Manufacturing, Inc. as a defendant in this action (Dkt. 83), which has been referred to the undersigned by District Judge Winmill.[1] (Dkt. 53). The motion has been fully briefed and is ripe for the Court's consideration. (Dkt. 83, 84, 100, 101, 102). Having fully reviewed the record herein, the Court finds the facts and legal arguments are adequately presented in the briefs and record.

---

[1] Federal Rule of Civil Procedure 72(b) provides that a magistrate judge hearing a pretrial matter dispositive of a claim or defense must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1).

REPORT AND RECOMMENDATION - 1

Accordingly, in the interest of avoiding delay, and because the decisional process would not be aided by oral argument, the motion will be decided on the record presently before the Court. Dist. Idaho L. Rule 7.1(d). For the reasons that follow, the Court makes the following report and recommendation.

## BACKGROUND

This case arises from a customer dispute over vehicle repairs and applicable warranty terms. In July 2020, Plaintiff D. Scott Florer contacted a Boise Lithia Motors repair center for assistance with replacing his truck engine. (Dkt. 1 at 4). After a series of events and communications with the repair center staff between July 2020 and September 2021, Florer alleges the repair center was unable to resolve the problem with the engine. (Dkt. 1 at 4-14).

On October 26, 2022, Florer filed a Complaint alleging six total claims against multiple defendants: (1) arbitration is not applicable; (2) manufacturer defect; (3) failure to disclose warranty terms; (4) defendant's warranty is unilateral, (5) defendant's warranty is a full written warranty; and (6) installer workmanship defect. (Dkt 1 at 15-19). On June 4, 2023, Florer, as directed by the Court, filed an amended complaint alleging the same claims against Defendants herein. (Dkt 65).

Florer's Motion for Joinder of AER Manufacturing, Inc. ("AER") as a defendant in this action, relates to a discovery request for engine specifications on his vehicle. (Dkt. 84, 102). Florer submitted a discovery request to Defendant Ford Motor Company ("FMC") requesting the applicable engine specifications, but FMC did not provide them. (Dkt 84). Florer has since filed a Motion to Compel FMC to produce engine specifications, which is

REPORT AND RECOMMENDATION - 2

separately pending before the Court. (Dkt. 73, 74). Florer argues that if FMC had produced the requested engine specifications, Florer would have known which corporation remanufactured the engine sold to him. (Dkt. 84). Florer filed an additional Motion to Compel that is also pending before the Court, requesting in part, the business name for the company that "machined" the remanufactured engine and the internal remanufactured parts of the engine. (Dkt. 81 at 3-4).

On August 16, 2023, Florer filed this Motion to Join AER as a defendant pursuant to Federal Rule of Civil Procedure 19(a) (Dkt. 83) because he believes AER manufactured the engine at issue in this case, either in whole or in part. (Dkt. 84). Specifically, Florer states that AER must be joined as to the second claim (Manufacturer Defect) in his Amended Complaint (Dkt. 65, 84) because AER is a required party with an interest in the claims of this case, and absent joinder, complete relief could not be rendered among the parties. (Dkt 84). FMC opposes Florer's Motion, arguing that the time for joining additional parties has since passed and Florer has shown no "good cause" to extend the deadline to join. (Dkt. 100). Defendant Lithia Ford of Boise joined FMC's opposition to Florer's Motion. (Dkt. 101).

## LEGAL STANDARDS

The Ninth Circuit has held that once the deadline for joining additional parties has passed, a plaintiff may only join an additional party by showing "good cause" to modify the existing scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see* Fed. R. Civ. P. 16(b). The pretrial scheduling order may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension."

REPORT AND RECOMMENDATION - 3

*Johnson*, 975 F.2d at 609. "If the party seeking modification 'was not diligent, the inquiry should end' and the motion should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609); *see also Santillan v. USA Waste of Cal., Inc.*, 853 F.3d 1035, 1048 (9th Cir. 2017) (affirming denial of a belated motion to amend).

Federal Rule of Civil Procedure 19(a) sets forth the standard for determining whether joinder of additional parties is necessary, and provides that a person "must be joined as a party if: A) in that person's absence, the court cannot accord complete relief among the existing parties; or B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: i) as a practical matter impair or impede the person's ability to protect the interest; or ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a).

Under Federal Rule of Civil Procedure 20, "[p]ermissive joinder is appropriate if a plaintiff's 'right to relief is asserted against [the defendants] . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences,' and also if there is a 'question of law or fact common to' the defendants." *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015) (quoting Fed. R. Civ. P. 20(a)(2)).

## DISCUSSION

Florer filed this Motion to Join on August 16, 2023. (Dkt. 83). Preliminarily, the Court notes that the deadline to amend pleadings or join additional parties pursuant to the Court's scheduling order was May 24, 2023. (Dkt. 46). Florer did not acknowledge in his

REPORT AND RECOMMENDATION - 4

Motion that the deadline to join additional parties had passed, nor did he ask the Court to amend the scheduling order. However, if the Court were to treat his Motion for Joinder as a motion to amend the scheduling order, Florer would need to show "good cause" for the extension of time. (Dkt. 46 at 2)[2]; *Johnson*, 975 F.2d at 608. As noted above, "Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

Here, Florer alleges that AER, the party he wishes to join as a defendant, is a manufacturer in part or in whole of the engine at issue in this case. (Dkt. 84). He further contends that he identified AER based on language in the purchase receipt of the engine, which he had in his possession since the engine was replaced and was additionally included in Defendant FMC's initial disclosures in March 2023. (Dkt. 84, 100). Florer does not explain why he did not include AER as a defendant prior to expiration of the joinder deadline when he admittedly knew of their potential involvement in this case at the outset of this litigation.

Instead, Florer alleges that FMC is the cause of his delay in requesting joinder of AER, because FMC failed to answer Florer's interrogatory. (Dkt. 102). Regardless of whether FMC is required to provide Florer with the engine manufacturer's information, Florer was aware that FMC had refused to respond to this discovery request prior to expiration of the joinder deadline. (Dkt. 84 at 1). And, significantly, Florer admits that he

---

[2] The scheduling order filed by the Court following a telephonic scheduling conference between the parties stated, "Motion to amend pleadings and join parties, except for allegations of punitive damages, must be filed on or before **May 24, 2023**. This deadline will only be extended for good cause shown." (Dkt. 46 at 2) (emphasis in original).

obtained the information he used to identify AER as a potential defendant long before the deadline to join additional parties had expired (Dkt. 84 at 3, 100 at 3) but waited until months after the expiration of the joinder deadline to seek to add AER as a party. While Florer does not address the "good cause" required herein, the Court finds that his delay in seeking joinder of AER does not amount to diligence sufficient to establish good cause to grant his requested relief.

Moreover, even if Florer had filed his Motion in compliance with the Court's scheduling order or if he had demonstrated "good cause" to amend, the Court does not find support to join AER as an additional defendant under Federal Rule of Civil Procedure 19 and 20.

Here, Florer only requests joinder under Rule 19 (Dkt. 83) arguing that absent AER's joinder, the Court cannot accord complete relief among the parties and AER has an interest in the claims of this case. (Dkt. 84 at 4). Joinder is not required if the court can provide meaningful relief among the parties. *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013). The concern as to meaningful relief pertains to "relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship & Training Comm.*, 622 F.2d 534, 537 (9th Cir. 1981) (internal citation and quotations omitted).

Florer has not explained why the Court could not fashion meaningful relief as to himself and the present Defendants with respect to his claims. Florer claims AER must be joined as to his second claim in his Amended Complaint, which is titled "Manufacturer Defect". (Dkt. 84). In that claim, Florer alleges there is a manufacturer defect in the

REPORT AND RECOMMENDATION - 6

engine, and that both Defendants FMC and Lithia Ford of Boise breached their express warranties by failing to correct the defect, as well as violating Federal and State warranty laws and the Idaho Consumer Protection Act. (Dkt 65 at 16). As such, Florer's second claim relates to the Defendants' requirements under warranty. Florer does not explain, and it is not apparent to the Court, how the Court would not be able to accord relief to either party on this warranty claim without joining a purported upstream manufacturer of Florer's engine. Joining AER is not necessary for the Court to determine whether there is a defect in the engine that the Defendants failed to address pursuant to the applicable warranty laws. If either side were to prevail, complete adjudication of the claims and the requested relief could be awarded without the presence of AER as a party.

     Florer also fails to support his assertion that AER has an interest in the claims of this case. Rule 19(a)(1)(B) requires that the absent party "claim a legally protected interest relating to the subject matter of the action." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983). Florer has not stated, nor can the Court identify, what legally protected interest AER could claim that would be impaired or impeded by the resolution of Florer's claims absent AER's joinder. Without such a showing Florer has failed to meet his burden of establishing that joinder of AER as a defendant is required under Rule 19. Accordingly, it is recommended Florer's Motion be denied. Fed. R. Civ. P. 19.

     Although Florer only moved for joinder under Rule 19, the Court will, in the alternative, consider the applicability of joinder under Rule 20. A requirement of permissive joinder is a degree of factual commonality among underlying the claims.

REPORT AND RECOMMENDATION - 7

*Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Even if the standard for permissive joinder under Rule 20(a) is satisfied, the Court has the discretion to refuse joinder in the interests of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000).

Here, again, the claim to which Florer asserts AER should be joined alleges that current Defendants breached the applicable warranty laws in relation to their written and/or express warranties. (Dkt 84, 65). Although Florer could argue the current Defendants' and AER's involvement arise out of the same factual background, it is unclear to the Court what common question of law or fact alleged by Florer would also apply to AER. Fed. R. Civ. P. 20(a). Florer has failed to allege that AER, as an alleged manufacturer of the engine, breached a warranty provided to Florer, or any of the other applicable laws cited in his second claim. (Dkt. 84, 65). In addition, Florer does not allege a definite logical relationship between any claims that he may have against AER and the claims he alleges against the current Defendants. Finally, adding an additional out of state Defendant a year after Florer's first Complaint was filed does not ensure judicial economy, and is likely to cause undue delay. Therefore, the Court recommends permissive joinder under Rule 20 be denied.

## RECOMMENDATION

NOW THEREFORE IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Joinder (Dkt. 83) be DENIED.

Written objections to this Report and Recommendation must be filed within

fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: October 25, 2023

_____
Honorable Debora K. Grasham
United States Magistrate Judge