UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

D. SCOTT FLORER,

Plaintiff,

v.

FORD MOTOR COMPANY, INC.; LITHIA FORD OF BOISE, INC.; RHETT SHEEDER; RICH STUART; ANGELO SANCHEZ; TRAVIS STEAR; and LISA CRABTREE,

Defendants.

Case No. 1:22-cv-00449-BLW-DKG

**MEMORANDUM DECISION & ORDER**

## INTRODUCTION

This matter is before the Court on Plaintiff D. Scott Florer's objections to a discovery order issued by United States Magistrate Judge Debora K. Grasham. *See* Dkts. 82, 85. For the reasons explained below, the Court will overrule Plaintiff's objection.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine any pretrial matter before the court, with certain exceptions not relevant here. This Court may reconsider a magistrate judge's ruling on such a matter if that ruling is "clearly erroneous or contrary to law." 18 U.S.C. § 636(b)(1)(A).

## DISCUSSION

On August 15, 2023, Judge Grasham granted Defendant Ford Motor Company's (FMC) Motion to Compel. The order simply compelled Florer to allow FMC to inspect the vehicle that is the subject of this lawsuit. The Court has considered each of plaintiff's objections to this order and finds none persuasive. Briefly:

### (1) Consideration of Plaintiff's Reply Brief

Florer objects to the order because he contends that the Magistrate Judge failed to consider his reply brief, filed at Dkt. 76, before ruling. The Court is not persuaded by this argument for two reasons.

*First*, the motion, response, and reply brief relevant to the FMC's motion to compel are: (1) FMC's Motion (Dkt. 67); (2) Plaintiff's Response (Dkts. 70 & 71); and FMC's Reply (Dkt. 75). Within that briefing, plaintiff sought a protective order, but he did not file a separate motion. As such, his reply brief at Dkt. 76 was not contemplated by the rules. For that reason alone, the Magistrate Judge's order is not clearly erroneous or contrary to law.

*Second,* the reply brief filed at Dkt. 76 essentially rehashed the arguments made in the plaintiff's other filings, and the Magistrate Judge's order addressed the issues raised in Dkt. 76. Additionally, this Court has now reviewed the filing at

Dkt. 76 and does not find the arguments there persuasive. In short, the Reply at Dkt. 76 would not have changed the outcome.

**(2) Law Clerk's Alleged Bias**

Florer objects on the grounds that Judge Grasham's former term law clerk exhibited bias in favor of the defense. But the law clerk did nothing more than send an email to the parties inquiring whether the issue related to the vehicle inspection was moot or required judicial intervention. Nothing in that email suggests bias for one side or the other.

**(3) Dealers and Manufacturers**

Florer's remaining objections arise primarily out of his assertion that a "manufacturer entity" does not have the right to inspect a vehicle if the "dealer entity" inspected it before the lawsuit was filed. *See Objection Nos. 2, 4,* Dkt. 85. These objections do not, in any way, persuade the Court that the Magistrate Judge's order was clearly erroneous or contrary to law. The Magistrate Judge correctly determined that FMC has every right under the Federal Rules of Civil Procedure to inspect the Ford F-150 that is the subject of this lawsuit. This Court would have reached the same conclusion.

For all these reasons, Florer's objections will be overruled.

**ORDER**

**IT IS ORDERED that** Plaintiff's Objection to United States Magistrate

Judge Debora K. Grasham's Order (Dkt. 82) is **OVERRULED.**

DATED: October 30, 2023

B. Lynn Winmill
U.S. District Court Judge