UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| D. SCOTT FLORER,<br><br>   Plaintiff,<br><br>   v.<br><br>FORD MOTOR COMPANY, INC.; LITHIA FORD OF BOISE, INC.; RHETT SHEEDER; RICH STUART; ANGELO SANCHEZ; TRAVIS STEAR; and LISA CRABTREE,<br><br>   Defendants. | Case No. 1:22-cv-00449-BLW-DKG<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

This matter is before the Court on Plaintiff D. Scott Florer's objections to a discovery order issued by United States Magistrate Judge Debora K. Grasham. *See* Dkts. 162, 163. For the reasons explained below, the Court will overrule Plaintiff's objections.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine any pretrial matter before the court, with certain exceptions not relevant here. This Court may reconsider a magistrate judge's ruling on such a matter if that ruling is "clearly erroneous or contrary to law." 18 U.S.C. § 636(b)(1)(A).

MEMORANDUM DECISION & ORDER - 1

## DISCUSSION

On August 15, 2023, Judge Grasham granted Defendant Ford Motor Company's (FMC) Motion to Compel. The order compelled Florer to allow FMC to inspect the vehicle that is the subject of this lawsuit. Afterward, a separate defendant, Lithia Ford of Boise, Inc., indicated that it planned to attend the inspection. Florer objects to that, which led to additional motion practice regarding who may attend the inspection and where it should take place. Lithia Ford and the individual defendants moved for clarification; Florer moved for a protective order. *See* Dkts. 140, 147. Judge Grasham denied Florer's motion for a protective order and granted the motion for clarification, holding that Lithia Ford could attend the vehicle inspection. She also held that the inspection should take place at Mountain Home Auto Ranch at a date and time to be selected by FMC, but to occur on or before December 15, 2023.

Florer objects to these additional orders. He continues to object to Lithia Ford attending the inspection – on grounds that the dealer need not attend. *See Objection No. 1*, Dkts. 162, 163. He also objects to Judge Grasham's order regarding the date and time of the inspection, arguing that the magistrate judge should not be allowed to unilaterally decide "to allow one party to choose the date and time over the opposing party." *See Objection No. 2,* Dkt. 162, at 7; Dkt. 163, at 7.

Neither of these objections show that Judge Grasham clearly erred or issued an order that is contrary to law. Just the opposite. Judge Grasham acted well within the law, both in terms of allowing other defendants to attend the inspection and in terms of dealing with the details regarding the inspection – including designating a place for the inspection to occur, a deadline for the inspection, and the ability for FMC to determine when that inspection will take place. The Court will therefore overrule Florer's objections.

## ORDER

**IT IS ORDERED that:**

(1) Plaintiff's Objections (Dkts. 162, 163) to United States Magistrate Judge Debora K. Grasham's Order are **OVERRULED.**

(2) Plaintiff shall therefore produce his produce his vehicle for inspection at Mountain Home Auto Ranch, 2800 American Legion Boulevard, Mountain Home, Idaho, on a date and time selected by Ford Motor Company, but to occur on or before December 15, 2023.

(3) All parties to the case are able to attend the vehicle inspection.

DATED: December 4, 2023

B. Lynn Winmill
U.S. District Court Judge