UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| D. SCOTT FLORER,<br><br>    Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY, INC.; LITHIA FORD OF BOISE, INC.; RHETT SHEEDER; RICH STUART; ANGELO SANCHEZ; TRAVIS STEAR; and LISA CRABTREE,<br><br>    Defendants. | Case No. 1:22-cv-00449-BLW-DKG<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Debora K. Grasham. *See* Dkt. 115. Additionally, after the Magistrate Judge issued that Report and Recommendation, Plaintiff D. Scott Florer filed an "Application to the Clerk for Entry of Default Sum Certain Against Lithia Ford of Boise." *See* Dkt. 123. For the reasons explained below, the Court will overrule Mr. Florer's Objection and adopt the Report and Recommendation in its entirety. By virtue of this ruling, Mr. Florer's later-filed Application to the Clerk for Entry of Default will be deemed moot.

MEMORANDUM DECISION & ORDER - 1

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a de novo review. To the extent that no objections are made, arguments to the contrary are waived, and "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## DISCUSSION[1]

Plaintiff asks the Court to enter a default judgment against Defendant Lithia Ford of Boise, Inc. ("Lithia Ford") because that defendant missed a deadline to answer Plaintiff's First Amended Complaint. Nonetheless, Lithia Ford filed an answer four days after plaintiff filed his motion for default judgment. Further, defense counsel—who represents other defendants in this action as well—

---

[1] The Report & Recommendation accurately recites the relevant factual and procedural history of this litigation. The Court will adopt that recitation rather than repeating it here.

explained that the failure to include Lithia Ford in the answer filed by the other defendants was a scrivener's error. *See Magnelli Dec.*, Dkt. 107-1, ¶¶ 7-8.

The Court has carefully considered the Motion for a Default Judgment, the Magistrate Judge's Report & Recommendation on that motion, and Plaintiff's Objection to the Report & Recommendation. After having done so, and applying a de novo standard of review, the Court is persuaded that the Magistrate Judge correctly decided the issue, and that she did not make any factual or other errors, as argued by plaintiff. Nor is the Court persuaded by Plaintiff's argument that defense counsel's late filing was a strategic choice, rather than a mistake.

The Court will also note that there is a certain irony in Plaintiff's request for a default judgment against this defendant—given that he did not name Lithia Ford of Boise, Inc. as a defendant in the first place. *See* Dkt. 1. Lithia Ford showed up and litigated anyway, however, after plaintiff managed to get a summons issued in Lithia Ford's name.[2] This Court entered an earlier order intended to iron out this procedural irregularity—and to clarify that Lithia Ford was indeed before the Court. *See* Dkt. 63. The overarching goal of that order was to ensure that the parties litigated this matter on the merits. Once again, the Court finds itself

---

[2] The Clerk's office erroneously issued plaintiff's requested summons, which complicated this matter. Partly for that reason (and partly because Lithia Ford of Boise, Inc. started participating in the litigation), the Court found that Lithia Ford of Boise, Inc. was indeed before the Court.

MEMORANDUM DECISION & ORDER - 3

entering an order for that purpose: This case is best decided on the merits—not by default because defense counsel made a mistake that is easily corrected and did not result in any prejudice to plaintiff. Plaintiff does argue that he will suffer prejudice because he will now have to litigate against Lithia Ford by participating in discovery, motion practice, and, potentially, a trial, rather than being allowed to proceed straight to judgment. *See Objection,* Dkt. 121, at 5. But that's not prejudice; that's how litigation works. Lithia Ford has now answered the amended complaint and the parties are in a position to continue litigating this case on the merits. Accordingly, and for all these reasons, the Court will deny plaintiff's motion for default judgment, which moots his later-filed application for entry of default.

## ORDER

IT IS ORDERED that:

(1) The Report & Recommendation (Dkt. 115) is **ADOPTED IN ITS ENTIRETY** as the order of this Court;

(2) Plaintiff's Objection to the Report & Recommendation (Dkt. 121) is **OVERRULED**;

(3) Plaintiff's Motion for a Default Judgment (Dkt. 86) is **DENIED**; and

(4) Plaintiff's Application to the Clerk for Entry of Default Sum Certain

Against Lithia Ford of Boise (Dkt. 123) is **DEEMED MOOT.**

DATED: December 4, 2023

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION & ORDER - 5