UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| D. SCOTT FLORER,<br><br>  Plaintiff,<br><br>  v.<br><br>FORD MOTOR COMPANY, INC.; LITHIA FORD OF BOISE, INC.; RHETT SHEEDER; RICH STUART; ANGELO SANCHEZ; TRAVIS STEAR; and LISA CRABTREE,<br><br>  Defendants. | Case No. 1:22-cv-00449-BLW-DKG<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Debora K. Grasham and Plaintiff D. Scott Florer's Objection thereto. *See* Dkts. 127, 133. Judge Grasham recommends that the Court deny Mr. Florer's motion to join AER Manufacturing, Inc. as a defendant in this action. For the reasons explained below, the Court will adopt Judge Grasham's Report and Recommendation, overrule Plaintiff's Objection, and deny the motion to join AER Manufacturing as a defendant.

## DISCUSSION

In April 2023, the Court referred all matters in this case to United States

MEMORANDUM DECISION & ORDER - 1

United States Magistrate Judge Debora K. Grasham. *See* Dkt. 53. As such, under Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1)(A), Judge Grasham is empowered to decide non-dispositive motions—not simply make recommendations on how those motions might be decided. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).[1] The parties may object to such an order, but the district judge reviewing the order should not modify or set it aside unless it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). If, on the other hand, a party files a dispositive motion, a magistrate judge may issue a "recommended disposition." *See* Fed. R. Civ. P. 72(b)(1); *see also* 28 U.S.C. § 636(b)(1)(B). Under 28 U.S.C. § 636(b)(1)(C), the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report which objection is made." *Id*.

The Court concludes Mr. Florer's motion to join AER Manufacturing is non-dispositive for three reasons. *First*, and most generally, a ruling on a joinder motion in this case will not be not dispositive of any of the existing parties' claims

---

[1] Federal Rule of Civil Procedure 72 implemented the Federal Magistrates Act, 28 U.S.C. §§ 604 and 631-39. *See generally Grimes v. City & County of San Francisco*, 941 F.2d 236, 240 (9th Cir. 1991).

MEMORANDUM DECISION & ORDER - 2

or defenses, nor will a denial of the motion preclude the ultimate relief sought. For that reason, most courts confronting the issue have determined such motions are nondispositive.[2] *Second*, a joinder motion is not included in the list of motions magistrate judges are explicitly prohibited from deciding, such as motions to dismiss and motions for summary judgment. *See* 28 U.S.C. § 636(b)(1)(A) (listing various motions a magistrate judge cannot "hear and determine"). *Third*, and finally, a joinder motion is not analogous to any of the listed motions that cannot be decided by magistrate judges. *See generally United States v. River-Guerrero*, 377 F.3d 1064, 1067 (9th Cir. 2004).

Having concluded that the pending joinder motion is non-dispositive, the Court will set aside the Magistrate Judge's report and recommendation only if it is "clearly erroneous or contrary to law." The Court easily concludes it is neither. Rather, the Magistrate Judge correctly decided that Mr. Florer did not establish

---

[2] *See, e.g., Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 760 n.6 (7th Cir. 2009) ("We have determined that a motion to amend is nondispositive, even where the ruling may prevent joining a defendant."); *Zayas v. Dep't of Children, Youth & Families,* No. C20-0981JLR-TLF, 2021 WL 430675, at *1 (W.D. Wash. Feb. 28, 2021) (reviewing magistrate judge's recommendation on joinder motion under Federal Rule of Civil Procedure 72(a)); *Cintron v. Weissman,* No. No. 9:14-CV-0116 (TJM/DEP), 2015 WL 5604954, at *3 n.4 (N.D.N.Y. Sept. 23, 2015) ("Plaintiff's motions to amend and join additional parties, being non-dispositive, fall within the scope of my jurisdiction pursuant to 28 U.S.C. § 636(b)(1)(A) . . . ."); *Ellsworth v. Corizon Health, Inc.*, No. CV-11-8070-PCT-RCB-MEA, 2012 WL 1267995, at *(D. Ariz. Apr. 16 2012) ("plaintiff's joinder motion 'falls within the non-dispositive group of matters which a magistrate may determine'") (citation omitted); *JJCO, Inc. v. Isuzu Motors Am., Inc.,* Civ. No. 08-00419 SOM/LEK, 2009 WL 3818247, at *3 (D. Haw. Nov. 12, 2009) (concluding that a motion to amend to add a party was non-dispositive).

good cause to modify the scheduling order, which meant that the motion should be denied. Indeed, this Court reaches the same conclusion applying a *de novo* standard of review.

## ORDER

**IT IS ORDERED that:**

(1) Plaintiff's Motion to Join Defendant AER Manufacturing Inc. (Dkt. 83) is **DENIED**.

(2) The Court **ADOPTS** the Report & Recommendation (Dkt. 127) as its own ruling.

(3) Plaintiff's objections to the Report & Recommendation (Dkt. 133) are **OVERRULED**.

DATED: December 4, 2023

B. Lynn Winmill
U.S. District Court Judge