UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| D. SCOTT FLORER, | Case No. 1:22-CV-00449-BLW-DKG |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION RE: MOTION FOR DISCOVERY SANCTIONS AGAINST PLAINTIFF** |
| FORD MOTOR COMPANY; LITHIA FORD OF BOISE, INC.; RHETT SHEEDER; RICH STUART; ANGELO SANCHEZ; TRAVIS STEAR; LISA CRABTREE, SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, | |
| Defendants. | |

**INTRODUCTION**

Before the Court is Defendant Ford Motor Company's Motion for Discovery

Sanctions Against Plaintiff Scott D. Florer (Dkt. 180), which has been referred to the

undersigned by District Judge Winmill.[1] (Dkt. 53). Defendants Lithia Ford of Boise, Rhett

Sheeder, Rich Stuart, Angelo Sanchez, Travis Stear, and Lisa Crabtree move to join Ford

Motor Company's Motion. (Dkt. 183). The motion has been fully briefed and is ripe for

---

[1] Federal Rule of Civil Procedure 72(b) provides that a magistrate judge hearing a pretrial
matter dispositive of a claim or defense must enter a recommended disposition. Fed. R.
Civ. P. 72(b)(1).

REPORT AND RECOMMENDATION - 1

the Court's consideration. (Dkt. 180, 183, 185, 186, 188, 191). Having fully reviewed the record herein, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the decisional process would not be aided by oral argument, the motion will be decided on the record presently before the Court. Dist. Idaho L. Rule 7.1(d). For the reasons that follow, the Court makes the following report and recommendation.

## BACKGROUND

The factual and procedural history of this case is extensive relative to its filing date. This case arises from a customer dispute over vehicle repairs and applicable warranty terms. In July 2020, Plaintiff D. Scott Florer contacted a Boise Lithia Motors repair center for assistance with replacing his Ford truck engine. (Dkt. 1 at 4). After a series of events and communications with the repair center staff between July 2020 and September 2021, Plaintiff alleges the repair center was unable to resolve the problem with the engine. (Dkt. 1 at 4-14).

On October 26, 2022, Plaintiff filed a Complaint alleging six total claims against multiple defendants: (1) arbitration is not applicable; (2) manufacturer defect; (3) failure to disclose warranty terms; (4) defendant's warranty is unilateral, (5) defendant's warranty is a full written warranty; and (6) installer workmanship defect. (Dkt 1 at 15-19). On June 16, 2023, Plaintiff, as directed by the Court, filed an amended complaint alleging the same claims against Defendants herein. (Dkt 65).

Although numerous motions have been filed and addressed in this case, and many others remain pending before the Court, the procedural history relevant to the motion

REPORT AND RECOMMENDATION - 2

presently before the Court is the parties' motion practice and contentions relating to the inspection of the vehicle at issue in this case and Plaintiff's deposition.

In August 2023, the Court granted Defendant Ford Motor Company's ("FMC") Motion to Compel Inspection of Plaintiff's vehicle after Plaintiff's repeated refusal to do so, and cautioned Plaintiff that failure to comply with proper discovery requests necessitating a motion to compel may result in an award of costs. (Dkt. 82). Plaintiff objected to the Court's order pursuant to Federal Rule of Civil Procedure 72(a) (Dkt. 85), and the District Judge overruled Plaintiff's objections. (Dkt. 133). The ordered inspection had not occurred by November 16, 2023, when a hearing was held on other pending discovery motions. Defendants FMC, Lithia Ford of Boise ("Lithia"), and the named Lithia employees, requested that the Court clarify during the hearing and by written order the specifics of the Court's previous order compelling inspection of the vehicle. (Dkt. 147, 168). The Court clarified that Plaintiff must produce his vehicle for inspection at the location chosen by FMC, which was initially agreed upon by all parties, and that all parties to the case are able to attend the inspection. (Dkt. 157). Plaintiff objected to the Court's order (Dkt. 162), and the District Judge again overruled his objections. (Dkt. 169). Plaintiff produced the vehicle for inspection on December 8, 2023. (Dkt. 184).

The main contention between the parties concerning Plaintiff's refusal to produce the vehicle for inspection relates to Plaintiff's Motion for Default Entry against Lithia Ford of Boise, which Plaintiff filed after Lithia failed to timely answer the amended complaint. (Dkt. 86). Plaintiff argued that because Lithia is in default, it is the responsibility of the Court or the other Defendants to prohibit Lithia from attending the inspection, as well as

REPORT AND RECOMMENDATION - 3

his deposition. (Dkt. 151, 168 at 64 and 66). The Court entered a Report and Recommendation that Plaintiff's Motion for Default Judgment be denied, because Lithia filed an answer four days after Plaintiff filed his Motion for Default Judgment, and defense counsel for Lithia, who also represents the other Lithia employee defendants in this action, explained the failure to include Lithia the entity in the answer filed by the other Defendants was a scrivener's error. (Dkt. 107, 115). Plaintiff objected to the Court's recommendation (Dkt. 121), and the District Judge adopted the recommendation of the Court. (Dkt. 170). However, even after the Court's numerous orders have been entered, Plaintiff continues to argue that Lithia is in default. (Dkt. 186).

Additionally, Plaintiff filed a Motion to Terminate or Limit his Deposition after multiple failed attempts by Defendants to take his deposition. (Dkt. 111, 112). The Court heard argument on this Motion at the November 16, 2023, hearing. The Court issued a ruling denying Plaintiff's Motion and ordered that FMC is entitled to take Plaintiff's deposition, up to 7 hours in length, at location and by method of FMC's choosing, with notice to the Plaintiff, and that any party to the case is able to attend the deposition. (Dkt. 155). The Court ordered that the deposition be conducted by December 15, 2023. (Dkt. 155). Plaintiff filed objections to that order. (Dkt. 149). Plaintiff's objections were overruled by the District Judge. (Dkt. 172). Plaintiff's deposition was again scheduled for December 14, 2023. (Dkt. 176). Days before Plaintiff's deposition was to take place, Plaintiff filed a motion requesting the deposition be conducted via remote means. (Dkt. 174). The Court denied Plaintiff's Motion and instructed that he must appear in person at his noticed deposition. (Dkt. 177). Plaintiff again objected to the Court's order (Dkt. 178),

REPORT AND RECOMMENDATION - 4

and the District Judge overruled Plaintiff's objections. (Dkt. 179). Despite these rulings,

Plaintiff did not appear for the deposition as ordered by the Court. (Dkt 180).

On December 19, 2023, Defendant FMC filed the Motion presently before this

Court requesting sanctions against Plaintiff pursuant to Federal Rules of Civil Procedure

30(d)(2), 37(a)(5)(A), 37(b), 37(d), and 41(b) for repeatedly failing to comply with

numerous Court orders, including those ordering Plaintiff's deposition. (Dkt. 180).[2] FMC

requests the Court to dismiss all of Plaintiff's claims against FMC with prejudice, or in the

alternative moves the Court to sanction Plaintiff with other sanctions or enter further orders

compelling Plaintiff to appear at his deposition. (Dkt. 180 at 2). Defendant Lithia and the

named employee defendants moved to join FMC's Motion. (Dkt. 183). Plaintiff opposes

FMC's Motion, arguing again that the deposition should be terminated or limited, or

otherwise conducted via remote means. (Dkt. 185). Plaintiff also opposes Lithia's joinder

in FMC's Motion, arguing that Lithia is in default. (Dkt. 186 at 7).

## LEGAL STANDARDS

A district court has the authority to sanction a party under Rule 37 who "fails to

obey an order to permit or provide discovery." *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d

1334, 1337 (9th Cir. 1985); Fed. R. Civ. P. 37(b)(2). Pursuant to Federal Rule of Civil

Procedure 37(b)(2) "[i]f a party . . . fails to obey an order to provide or permit discovery .

. . the court where the action is pending may issue further just orders. They may include

---

[2] Defendant FMC acknowledged that the Court had not yet addressed their earlier filed
Motion to Dismiss as Sanctions but stated that the events that have occurred after the
filing of FMC's first Motion necessitated the new motion. (Dkt. 180-1 at 4).

REPORT AND RECOMMENDATION - 5

the following: (v) dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). The Court may order sanctions for a party's failure to attend its own deposition after being served with proper notice, and those sanctions may include dismissal of the action or proceeding. Fed. R. Civ. P. 37(d)(1)(A) and (d)(3). Further, a defendant may move to dismiss the action if the plaintiff fails to comply with the Federal Rules of Civil Procedure or court orders. Fed. R Civ. P. 41(b). Unless the court states otherwise, a dismissal pursuant to Rule 37 and 41(b) operates as an adjudication on the merits. *Id.*

## DISCUSSION

### 1. Dismissal pursuant to Rule 37 and 41(b)

Here, Defendants ask the Court to dismiss Plaintiff's case, in its entirety, based on his pattern and practice of disregarding Court orders. "Before imposing the harsh sanction of dismissal, the district court should consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (quoting *Anheuser-Busch v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)). This five-factor test is used to review the propriety of Rule 37 sanctions, as well as those pursuant Rule 41(b). *Leon*, 69 F.3d at 958 n. 4; *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019). The Ninth Circuit has said that where a court order is violated, factors one and two support sanctions and four cuts against case-dispositive sanctions, and therefore factors three and five are decisive. *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998);

REPORT AND RECOMMENDATION - 6

*Adriana International Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). This multifactor test "amounts to a way for a [judge] to think about what to do, not a series of conditions precedent before the judge can do anything." *Valley Eng'rs*, 158 F.3d at 1057. However, in the interest of comprehensiveness, the Court will address each factor in consideration of whether dismissal is warranted.

The first two factors – the public's interest in expeditious resolution of litigation and the Court's interest in controlling the docket – will be addressed together and weigh strongly in favor of dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191, F.3d 983, 990 (9th Cir. 1999). This case was originally filed in October of 2022, and has since accumulated almost two hundred docket entries in the Court's electronic filing system. Since the filing of Plaintiff's First Amended Complaint in June of 2023, he has filed nineteen motions, most regarding discovery related issues.[3] Plaintiff has filed thirteen objections to Court orders and Recommendations made by the referred Magistrate Judge (Dkt. 85, 98, 121, 122, 132,

---

[3] *See* Plaintiff's Motion to Compel Discovery (Dkt. 73), Plaintiff's Motion to Compel Discovery (Dkt. 80), Plaintiff's Motion to Join an outside party (Dkt. 83), Plaintiff's Motion for Entry of Default Judgement (Dkt. 86), Plaintiff's Motion for Relief from Expert Discovery Deadline (Dkt. 88), Plaintiff's Motion to Strike (Dkt. 96), Plaintiff's Motion to Terminate or Limit his Deposition (Dkt. 111), Plaintiff's Motion for Entry of Default (Dkt. 123), Plaintiff's Motion to Strike (Dkt. 124), Plaintiff's Motion to Strike (Dkt. 128), Plaintiff's Motion to Compel Discovery (Dkt. 135), Plaintiff's Motion to Compel Discovery (Dkt. 138), Plaintiff's Motion for Protective Order (Dkt. 140), Plaintiff's Motion to Strike (Dkt. 142), Plaintiff's Motion to Vacate the Magistrate Judge (Dkt. 152), Plaintiff's Motion to Strike (Dkt. 159), Plaintiff's Motion for Remote Deposition (Dkt. 174), Plaintiff's Motion to Compel Discovery (Dkt. 184), Plaintiff's Motion to Change Venue and to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 187).

146, 148, 149, 150, 161, 162, 163, 178), and the District Judge has overruled each objection and/or adopted the recommendation while failing to find merit in Plaintiff's arguments.[4] Plaintiff's continued objections to any adverse decision, without even attempting to proffer a good faith argument in support of his contentions that the orders are erroneous, has hindered the Court's ability to control the docket and caused the case to stall for many months in order for the Court to address duplicative issues. Fed. R. Civ. P. 72(a). Although Plaintiff's objections have continuously been overruled, he has continued to assert that the Court's orders are not binding on him. For example, the Court has on multiple occasions now denied Plaintiff the ability to have his deposition taken via remote means (Dkt. 155, 177, 179), yet in his response to the pendant motion, he states that "any additional deposition time must be by remote means as the plaintiff no longer resides in Idaho or the manufacturer and attorney Bell's mommy magistrate can come to Utah." (Dkt. 185 at 6). The Court being forced to enter redundant orders because Plaintiff continues to object to and argue details already addressed in this case is a waste of the Court's time and resources.

Similarly, Plaintiff continues to argue that Lithia is in default and although the Court refuted that contention, Plaintiff unreasonably refused to comply with Court orders for months based on this previously resolved assertion. (Dkt. 186). While Plaintiff has now allowed the Defendants to conduct the Court ordered vehicle inspection, that specific dispute between Plaintiff and Defendants lasted from April 2023 until Plaintiff finally

---

[4] The District Judge has not decided in favor of any of Plaintiff's objections beyond clarifying that the Magistrate Judge's oral ruling that FMC must produce certain documents identified in the order that are not only in FMC's "possession", but also within their "custody and control". (Dkt.172).

produced the vehicle for inspection in December 2023. (Dkt. 67, 73, 184).[5] Plaintiff was

ordered by the Court on at least five separate occasions to produce his vehicle for

inspection. (Dkt. 82, 133, 155, 157, 169). Much of the delay in the vehicle inspection was

due to Plaintiff's assertion that Defendant Lithia was in default, and therefore he would not

produce the vehicle unless Lithia was prohibited from attending the inspection. (Dkt. 151;

168 at 64, 66). Even after multiple orders informing Plaintiff that Lithia is not in default,

he continues to present the same unmeritorious argument demonstrating his defiance

towards the authority of this Court. (Dkt. 186 at 7). Now, Plaintiff makes the same

argument with relation to Lithia appearing at his noticed deposition. (Dkt 186). Plaintiff's

inability to accept binding decisions made by this Court has unreasonably hindered the

Court's ability to resolve the case. Plaintiff's conduct has adversely affected the public's

interest in prompt case resolution and judicial efficiency.

Plaintiff has been warned on numerous occasions of the requirements imposed on

him by the Federal Rules of Civil Procedure and the need to treat the other parties in this

case, as well as the Court, with professionalism and civility. (Dkt. 82, 95 at 3, 168 at 64);

*See* Dist. Idaho Loc. Civ. R. 83.8. Despite these continued reminders by the Court,

Plaintiff's arguments continue to demonstrate disregard for the Court's authority and

unprofessionalism towards opposing counsel. (Dkt. 186 at 6) ("The location [of the

deposition] has shown that the corporate courthouse magistrate is attempting to be a

---

[5] The parties dispute over the vehicle inspection may still be ongoing as Plaintiff has filed
a Motion to Compel the report of the inspection, arguing that FMC has refused to provide
it to Plaintiff. (Dkt. 184).

mommy and babysitter for the Idaho law firm and attorney Bell as well corporate judge

Winmill signing off on the magistrate."); (Dkt. 178 at 5) ("The plaintiffs motion should be

granted, the district judge should not be afraid of the magistrate throwing tantrums in the

hallways and offices of the federal courthouse to get her way."); (Dkt. 180-5) ("In

[response] to the ford owned district court order by winham or winmill or whatever at dkt

text entry on 12/13/2023 about 5pm that plaintiff jump to from SLC Utah and up and run

to the Idaho federal courthouse for your mommy magistrate to protect you during a

deposition of the plaintiff is simply not going to happen."). Plaintiff's actions have

demonstrated that regardless of whether Court orders are entered by the Magistrate or the

District Judge, if they are adverse to Plaintiff's wishes, he does not intend to follow them.

Plaintiff's disagreement with the Court's decisions is not a valid basis for refusing to

comply with Court orders. Plaintiff has consistently disrespected this Court's authority and

refused to obey Court orders.

Continuing to address Plaintiff's duplicative arguments multiple times is inapposite

to promoting efficiency of the judicial process. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261

(9th Cir. 1992) (The Court has the power to manage their own docket without being subject

to endless vexatious noncompliance of litigants.). Even in Plaintiff's response to this

Motion, he does not provide any argument against the imposition of sanctions, he simply

reiterates arguments that have already been addressed by this Court. (Dkt. 185) (That the

Court limit or terminate his deposition, allow it to be taken via remote means, and that

Lithia not attend the deposition because they are in default.). Each of these arguments have

been decided by the Court on numerous occasions. While the Court has given a modicum

of leeway to Plaintiff given his *pro se* status, that grace period has long since run its course. (Dkt. 82 at 8); *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987 ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (citation omitted), overruled on other grounds, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012); *Sanchez v. Rodriguez*, 298 F.R.D. 460 (C.D. Cal. 2014) ("*Pro se* status does not excuse intentional noncompliance with discovery rules and court orders."). Further, the Court is governed by Federal Rule of Civil Procedure 1, mandating it to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Given the weight of the Court's docket, it is not inclined to continue to referee discovery matters that should be standard practice, and restate Court orders ad nauseam, when Plaintiff has continued to disobey and ignore those orders. For these reasons, factors one and two weigh strongly in favor of dismissing the case.

The third factor concerns the risk of prejudice to Defendants as the party moving for sanctions. "To prove prejudice, a defendant must establish that Plaintiff's actions impaired Defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Malone v. Unites States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). The risk of prejudice to all Defendants is great if the case is not dismissed for Plaintiff's failure to obey the Court's orders and the Rules of Civil Procedure. While the Court ordered deposition was to be noticed and taken by FMC, all Defendants were planning to attend the noticed deposition in order to reduce the need for duplicative questions, as is allowed under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(d)(1), Advisory Committee's Note on

REPORT AND RECOMMENDATION - 11

2000 Amendment ("In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest."). Deposing Plaintiff is a standard and critical form of discovery that is necessary for Defendants to move forward in this litigation. Defendants' inability to examine Plaintiff's claims through his deposition impairs their ability to pursue a motion for summary judgment or adequately develop a defense if the case is to proceed to trial. Plaintiff's conduct has not allowed Defendants to investigate the factual basis for his claims, and therefore the risk of prejudice to Defendants is high.

In other Ninth Circuit cases involving dismissal under Rule 41(b) for failing to comply with a court order, the third factor considers the plaintiff's excuse for noncompliance. *Pagtalunan*, 291 F.3d at 642; *Malone*, 833 F.2d at 131 ("Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default."). *Malone* involved a Rule 41(b) dismissal for noncompliance with a court order, and the district court found Plaintiff's excuse to be "groundless", justifying dismissal. *Id.* Similarly, *Yourish* also involved plaintiff's noncompliance with a court order, and the court found the defendants were sufficiently prejudiced where the plaintiff offered only a "paltry excuse" for their failure to comply with the court order. 191 F.3d at 991-92. Here, Plaintiff provides no excuse for his failure to comply with numerous orders of this Court. (Dkt. 185).

Even if the Court considers that Plaintiff has moved out of state as an excuse for his noncompliance, it is not sufficient to justify his absence, nor his other instances of failing

REPORT AND RECOMMENDATION - 12

to comply with the orders of this Court. The Court previously found that argument to be uncompelling in Plaintiff's Motion to have his deposition taken by remote means. (Dkt. 177, 179); Wright & Miller, Federal Practice & Procedure, § 2112 (3d ed. 2013) (As a general rule, a "plaintiff will be required to make himself or herself available for examination in the district in which suit was brought."). Both the Court Order regarding the date, location, and method of the deposition and the District Judge's order overruling Plaintiff's objections were entered prior to the date of Plaintiff's noticed deposition. (Dkt. 155, 172) (The deposition was ordered to occur on or before December 15, 2023, at the location and method of FMC's choosing, with notice to Plaintiff.). Although it is unclear when exactly Plaintiff moved out of state, the Court previously addressed this argument and found that it was not sufficient justification to allow for remote deposition.[6] (Dkt. 177, 179); (Dkt. 185 at 3) ("The plaintiff has moved out of state on December 1st 2023"); (Dkt. 187-1 at 3) ("[T]he plaintiff lived in Idaho until December 8th, 2023."); (Dkt. 184 at 2) (Plaintiff produced his vehicle for inspection in Idaho on December 8, 2023). Regardless of when Plaintiff decided to voluntarily move out of state, Plaintiff was aware of the scheduled deposition with adequate advance notice, yet still failed to appear.

---

[6] "FMC has demonstrated that allowing Plaintiff to have his deposition conducted remotely would be prejudicial. (Dkt. 176). Plaintiff has previously failed to appear to multiple depositions noticed by FMC. (Dkt. 119, 176). When Plaintiff did appear for the deposition the precipitated his earlier Motion to Terminate his Deposition (Dkt. 111), he was non-compliant, refused to answer legitimate questions posed to him, and unilaterally terminated his deposition. (Dkt. 118-21). The Court is concerned that allowing the deposition to be conducted by remote means will result in Plaintiff continuing to refuse to participate in defiance of Court orders and unnecessarily and unreasonably extend the discovery process." (Dkt. 177 at 4).

REPORT AND RECOMMENDATION - 13

Additionally, if the Court were to enter an additional order somehow securing Plaintiff's appearance at his deposition, his arguments in opposition to this Motion demonstrate that he does not intend to meaningfully participate in his deposition in compliance with the Rules of Civil Procedure. He again argues that that FMC's questioning during their prior deposition attempt was inappropriate, irrelevant, or duplicative. (Dkt. 185 at 4-5). The Court first addressed this issue during the November hearing:

> Mr. Florer, I have reviewed all of the paperwork and briefing in this case and I am concerned about your -- your actions during the deposition. I understand you're representing yourself. You're not an attorney so when you say objection, attorney/client privilege, that's inappropriate. You do not have an attorney representing you.

> When you refuse to answer questions because you say you're in a representative capacity, when you're put under oath, sir, you are put under oath. The rules require you to answer in good faith the questions that are reasonably posed to you. And so I am concerned, sir, about at least the first go-around about you're not following Rule 30 of the rules of -- Federal Rules of Civil Procedure, sir. I understand you want to represent yourself. You're entitled to do so, sir. But you must still follow the rules and will be held accountable to those rules during the terms of your deposition.

> Now, with respect to the questions that are asked, I can tell you that attorneys can ask any question related to the lawsuit and usually those questions are related to discovery responses that they got already. So it is not an objection to say asked and answered because you asked that in discovery. That is what a deposition is intended to be, to get your clarity, to get your responses to the issues in this lawsuit.

> And so, sir, I am concerned about your behavior during a deposition where you've been put under oath and you're subject to the rules and you're not answering the questions posed and then by all accounts, you decided to unilaterally terminate your deposition and end the matter.

(Dkt. 168 at 51-52). The District Judge agreed with the Magistrate Judge's assessment of Plaintiff's conduct during the earlier attempted deposition. (Dkt. 172 at 12-13).

Nonetheless, Plaintiff continues to make the same arguments regarding the substance of Defendants' questions posed to him, and the Court is not convinced that having Plaintiff appear for an additional deposition would allow Defendants to obtain sufficient responses to the questions posed. Plaintiff's actions further signal his intention to prevent Defendants from investigating his claims against them.

Plaintiff does not provide any further justification for his noncompliance, and his refusal to participate in the timely resolution of this case on the merits is prejudicial to Defendants. Although Plaintiff's most recent refusal to appear for his Court ordered deposition prompted Defendants to file the instant Motion, the Court concludes that Plaintiff has demonstrated a pattern of disrespect of the Court's authority and noncompliance with the Court's orders that has prejudiced Defendants. The third factor weighs in favor of dismissal.

The fourth factor – the public policy favoring disposition on the merits – weighs against dismissal, as it always does even when Plaintiff openly fails to follow Court orders. *See Pagtalunan*, 291 F.3d at 643. Although this factor weighs against dismissal, it is not sufficient to outweigh the other four factors, which here, support dismissal of Plaintiff's claims.

The fifth and final factor considers the availability of less drastic measures. "[T]he following factors are of particular relevance in determining whether a district court has considered alternatives to dismissal: (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before

REPORT AND RECOMMENDATION - 15

ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?" *Malone*, 833 at 131-32.

Although the Ninth Circuit has not held that an explicit discussion of alternative sanctions is necessary for an order of dismissal to be upheld, it has indicated a preference for the Court to discuss the feasibility of alternatives in its consideration. *Id* at 132. Though the Court does not believe a less drastic sanction exists that will rectify Plaintiff's noncompliance, it will discuss the possible alternatives. *Id.* ("Under the egregious circumstances present here, where the plaintiff has purposefully and defiantly violated a court order, it is unnecessary (although still helpful) for a district court to discuss why alternatives to dismissal are infeasible.").

Other alternative sanctions pursuant to Rule 37(b)(2) include "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed;. . . (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order." Fed. R. Civ. P. 37(b)(2)(A)(i-vii).

Allowing the Court to take facts as established, restricting Plaintiff from supporting or opposing claims or introducing certain evidence, or striking Plaintiff's pleadings would not sufficiently remedy his noncompliance with Court orders, nor would it eliminate the need for Defendants to acquire information from Plaintiff via his deposition. Additionally,

REPORT AND RECOMMENDATION - 16

striking Plaintiff's First Amended Complaint would have the same ultimate result as dismissal. Staying the proceeding until the Court order is complied with would likely further prejudice Defendants. Plaintiff has been noncompliant with the Rules of Civil Procedure and unprofessional during Defendants previous attempts to depose him (*See* Dkt. 118-21), and although the Court has informed him that his conduct was inappropriate on numerous occasions, there is no reason to believe he will suddenly become compliant with the Rules as a reaction to staying the proceedings or imposing another available sanction. Even further, during the November 16, 2023, hearing, Plaintiff became agitated and informed the Court that he would not obey Court orders, and the Court responded that, "[w]ell, then you're going to be in contempt because I'm. . ." (Dkt. 168 at 65). Plaintiff interrupted the Court and stated, "[w]ell, then we'll deal with that when we get to it." (Dkt. 168 at 65). Contempt as an alternative sanction does not appear to be an adequate deterrent for Plaintiff's conduct and provides no relief to allow Defendants to investigate Plaintiff's claims. Under the circumstances presented here, the Court has considered alternative sanctions and finds those other, lesser sanctions to be ineffective and insufficient to address Plaintiff's behavior.

Plaintiff has been repeatedly warned regarding the imposition of sanctions against him. (Dkt. 95 at 3) ("Should Plaintiff's failure to follow discovery rules and court orders continue, FMC may properly bring a motion to ensure compliance and seek appropriate sanctions."); (Dkt. 168 at 63-64) ("If you do not follow the orders of this Court, I direct you to look at Federal Rule of Civil Procedure 37(b)(2). In that rule, it gives this Court authority to impose a range of sanctions for failure to follow the Court's orders.").

REPORT AND RECOMMENDATION - 17

Although the Court never specifically warned Plaintiff about the possibility of dismissal as a sanction, he would have been well aware of that fact, given that FMC first moved for dismissal as sanctions against Plaintiff for failing to comply with Court orders in October 2023. (Dkt. 118). Plaintiff provided a response to FMC's October Motion for Sanctions arguing that because the District Judge had not yet overruled his objections, he did not violate a Court order.[7] (Dkt. 131 at 3). However, at this time and prior to his recent refusal to appear for his noticed deposition, the District Judge had considered and overruled all Plaintiff's filed objections, and he still refuses to comply. An explicit warning to Plaintiff that violating Court orders may lead to dismissal of his claims here would be unnecessary. The Court finds Plaintiff was aware of the possibility of sanctions being imposed against him and that dismissal of his claims was a type of sanction available to the Court. He can hardly be surprised by the imposition of a harsh sanction in response to his repeated and willful violation of pretrial orders and his increasingly disrespectful and volatile actions directed at the other parties and this Court. Therefore, this factor weighs in favor of dismissal.

Having given careful consideration to the above-mentioned standards and acknowledging that dismissal is a disfavored sanction to be imposed sparingly, the Court

---

[7] Plaintiff also argued in his previous response to FMC's first Motion for Sanctions, that there was no Court order compelling the inspection of his vehicle, because "the Magistrate's recommendation is not authority". (Dkt. 131 at 5).  As the Court has informed Plaintiff on multiple occasions, he has the right to object to orders of this Court pursuant to Rule 72(a), but all orders made by the referred Magistrate Judge regarding non-dispositive matters are Court Orders, not recommendations. *Compare* Fed. R. Civ. P. 72(a), *with* Fed. R. Civ. P. 72(b).

finds and recommends that dismissal of Plaintiff's claims against all Defendants is warranted in this case pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) and 41(b). Under these egregious circumstances, a dismissal with prejudice is appropriate. *See Malone*, 833 F.2d at 133 (upholding dismissal with prejudice for failure to comply with court orders).

### 2. Fees and Costs

FMC also moves the Court to award fees and costs for the making of this Motion and for its failed efforts in deposing Plaintiff. (Dkt. 180-1 at 17). The Court must "require the party or deponent whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Additionally, when a party fails to appear for his deposition, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(d)(3). However, the Court is not required to award reasonable expenses in either of these circumstances if the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A) and (d)(3).

Considering that FMC has yet to submit a motion for attorney's fees and costs and memorandum of the reasonable fees and costs incurred, the Court will reserve its ruling on that issue until the issue of sanctions is resolved and FMC has filed its Motion and supporting memorandum.

## RECOMMENDATION

NOW THEREFORE IT IS HEREBY RECOMMENDED that:

1.  Defendant FMC's Motion for Sanctions (Dkt. 180) be **GRANTED**.

2.  Defendant Lithia Ford of Boise, Inc., Rhett Sheeder, Rich Stuart, Angelo Sanchez, Travis Stear, and Lisa Crabtree's Motion for Joinder to Defendant FMC's Motion for Sanctions (Dkt. 183) be **GRANTED**.

3.  This action be **DISMISSED**, with prejudice, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) and 41(b).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: January 9, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge