UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

D. SCOTT FLORER,

               Plaintiff,

vs.

FORD MOTOR COMPANY; LITHIA
FORD OF BOISE, INC.; RHETT
SHEEDER; RICH STUART; ANGELO
SANCHEZ; TRAVIS STEAR; LISA
CRABTREE, SUED IN THEIR
INDIVIDUAL AND OFFICIAL
CAPACITIES,

               Defendants.

Case No. 1:22-CV-00449-BLW-DKG

**REPORT AND
RECOMMENDATION RE:
MOTION FOR ATTORNEY
FEES AND COSTS**

## INTRODUCTION

Before the Court is Defendant Ford Motor Company's Motion for Attorney Fees and Costs (Dkt. 216)[1], which has been referred to the undersigned by District Judge Winmill.[2] (Dkt. 53). The motion has been fully briefed and is ripe for the Court's consideration. (Dkt. 217, 221, 223). Having fully reviewed the record herein, the Court

---

[1] Plaintiff filed a Notice of Appeal on April 24, 2024. (Dkt. 213). Such appeal remains pending. Although filing a notice of appeal divests the district court of jurisdiction over aspects of the case involved in the appeal, the district court nonetheless retains the power to award attorney fees after a notice of appeal from a decision on the merits has been filed. *See Estate of Connors by Meridith v. O'Connor*, 6 F.3d 656 (9th Cir. 1993); *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955 (9th Cir. 1983).

[2] Judge Winmill referred all matters in this case to the undersigned. (Dkt. 53). The Ninth Circuit views a motion for attorney fees as dispositive of a claim or defense such that a magistrate judge must submit proposed findings and recommendations for the district court's de novo review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). *See O'Connor*, 6 F.3d at 657-58.

REPORT AND RECOMMENDATION - 1

finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the decisional process would not be aided by oral argument, the motion will be decided on the record presently before the Court. Dist. Idaho L. Rule 7.1(d). For the reasons that follow, the Court makes the following report and recommendation.

## BACKGROUND

On January 9, 2024, this Court issued a recommendation for dismissal of Plaintiff's case as a sanction for discovery violations pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b). (Dkt. 192). Therein, the Court provided a detailed explanation of the facts and procedural history prompting the Court's recommendation. (Dkt 192 at 2-5). Plaintiff filed objections to the recommendation. (Dkt. 209). On April 4, 2024, the presiding district judge overruled Plaintiff's objections, adopted the recommendation for dismissal in its entirety, and instructed Defendant Ford Motor Company to file the present motion should they elect to seek fees and costs. (Dkt 212).

Defendant filed this motion for attorney fees and costs in the amount of $29,553.73, pursuant to Federal Rules of Civil Procedure 30(d)(2), 37(a)(5)(A), 37(b), and 37(d). (Dkt. 216, 217). The motion is supported by the declarations of attorney Monaghan, national counsel for Ford Motor Company, and retained local counsel attorney Manwaring of Evans Keane, LLP. (Dkt. 218, 219). Defendant is requesting the expenses associated with its second motion to compel the inspection of Plaintiff's vehicle, filed on October 19, 2023. (Dkt. 118, 217 at 9). Defendant is also requesting the expenses associated with its motion for sanctions filed December 19, 2023, which the

Court ultimately granted, dismissing the case in its entirety. (Dkt. 180, 212, 217 at 11). Finally, Defendant is requesting the expenses related to its attempts to depose Plaintiff. (Dkt. 217 at 12).

Plaintiff filed a response to Defendant's motion, arguing that his vehicle was available to Defendant for inspection once the district court overruled his objections in October of 2023 (Dkt. 133, 221 at 1), that it was Defendant who refused to inspect the vehicle without Lithia Ford of Boise's presence (Dkt. 221 at 3), that Idaho law applies to this Court's consideration of Defendant's motion rather than the Federal Rules of Civil Procedure (Dkt. 221 at 9, 11), that neither the Defendant nor the Court demonstrated that additional discovery, including Plaintiff's own deposition, would lead to admissible evidence (Dkt. 221 at 13, 18), and that the attorney declarations submitted by Defendant are hearsay (Dkt. 221 at 19).

## LEGAL STANDARDS

"It is well-established that a district court may award attorney[] fees and costs in addition to imposing terminating sanctions due to discovery misconduct." *Burris v. JPMorgan Chase & Co.*, 2024 U.S. App. LEXIS 9387, at *6 (9th Cir. 2024).

When a motion to compel under Rule 37(a) is granted or the discovery is provided after filing, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, an award is not required if, (i) the movant failed to attempt to first informally resolve the discovery dispute, (ii) the opposing party's non-disclosure was

substantially justified, or (iii) circumstances exist which would make the award of expenses unjust. *Id.*

Rule 37(b)(2)(C) and 37(d)(3) provide that with respect to payment of expenses for a party's failure to comply with a court order or attend the party's deposition, "[i]nstead of or in addition to the [sanctions available in Rule 37(b)(2)(A)], the court must order the disobedient party, [] to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) and (d)(3). "Under Rule 37(b)(2), which has the same language as Rule 37(d), the burden of showing substantial justification and special circumstances is on the party being sanctioned." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).

Further, Rule 30(d)(2) provides that a court may impose an appropriate sanction, including expenses and attorney fees incurred by any party, on a person who impedes, delays, or frustrates the fair examination of the deponent. Fed. R. Civ. P. 30(d)(2); *see also Biovail Lab'ys, Inc. v. Anchen Pharms., Inc*., 233 F.R.D. 648, 653 (C.D. Cal. 2006) (awarding monetary sanctions after a party unilaterally terminated the deposition). Rule 37(a)(5) applies to an award of expenses under Rule 30(d). Fed R. Civ. P. 30(d)(3)(C).

When assessing the reasonableness of attorney fees, the Ninth Circuit utilizes the "lodestar" method, which is the number of hours reasonably expended, multiplied by a reasonable hourly rate. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). In determining a reasonable hourly rate, the Court considers the "experience, skill, and reputation of the attorney requesting fees," *Trevino v. Gates*, 99 F.3d 911, 924 (9th

Cir. 1996), as well as "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Once the lodestar amount is determined, the Court "then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors[3] that are not already subsumed in the initial lodestar calculation." *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996). "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Id.* at 363 n. 8.

## DISCUSSION

Initially, the Court will briefly address Plaintiff's argument that Idaho substantive law applies to this motion, including I.R.C.P. Rule 54(e) and I.C. 12-12. (Dkt. 221 at 9-11). If the Court has jurisdiction over this case on the basis of diversity as Plaintiff alleges, state substantive law and federal procedural law applies. *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996). While federal courts generally treat state laws governing awards of attorney fees as "substantive, rather than procedural requirements," when a party seeks fees based on the other party's misconduct in the litigation itself, rather than on a matter of substantive law, the matter is procedural. *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 838 (9th Cir. 2001).

---

[3] The twelve *Kerr* factors bearing on the reasonableness are 1) the time and labor required, 2) the novelty and difficulty of the questions involved, 3) the skill requisite to perform the legal service properly, 4) the preclusion of other employment by the attorney due to acceptance of the case, 5) the customary fee, 6) whether the fee is fixed or contingent, 7) time limitations imposed by the client or the circumstances, 8) the amount involved and the results obtained, 9) the experience, reputation, and ability of the attorneys, 10) the "undesirability" of the case, 11) the nature and length of the professional relationship with the client, and 12) awards in similar cases. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

REPORT AND RECOMMENDATION - 5

Because Defendant seeks attorney fees under Rules 30(d)(2), 37(a)(5)(A), 37(b), and 37(d) of the Federal Rules of Civil Procedure, federal law applies as to the question of whether attorney fees should be awarded here. *See Hanna v. Plumer*, 380 U.S. 460, 470-74 (1965) (finding the Federal Rules of Civil Procedure are presumptively procedural for *Erie* purposes). Therefore, contrary to Plaintiff's contention, the Court does not apply state laws in this instance to evaluate whether Defendant is entitled to the requested fees.

Additionally, Plaintiff's assertion that the declarations of attorney Monaghan and Manwaring are hearsay is unsupported. The statements being presented by both attorneys are made via signed declarations in compliance with 28 U.S.C. § 1746, based on their personal knowledge, and confirmed that the work described by both Ford Motor Company's national counsel and Evans Keane LLP was necessary to protect their client's interest. (Dkt. 218, 219).

Further, because Manwaring supervised the work performed by attorney Bell and the firm's paralegals, he is able to attest to whether the listed hours were actual time devoted by others within the firm. Based on attorney Manwaring's declared knowledge of the law firm's work and billing for purposes of this action, the Court finds there is an evidentiary basis to award hours for those personnel who are no longer employed at that firm and did not file personal declarations in support of this motion. *See EEOC v. Global Horizons, Inc.*, 2015 U.S. Dist. LEXIS 178735, at *11-12 (E.D. Wash. Sep. 24, 2015); *Carbajal v. Hayes Mgmt. Serv., Inc.*, 2013 U.S. Dist. 113079, at *5 n.1 (D. Idaho Jun. 28, 2023) ("Neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence

have required that each attorney and staff member who spent time working on a case submit a separate affidavit or declaration in support of an attorneys' fee application – and the Court will not require that here.").

### A. Expenses Related to Defendant's Second Motion to Compel.

Defendant first requests fees related to its second motion to compel and first request for discovery sanctions against Plaintiff for his refusal to produce his vehicle for inspection. (Dkt. 118, 217 at 9). Defendant argues it should be awarded expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and (b)(2). (Dkt. 217 at 10).

When a motion to compel has been granted – or if the requested discovery is provided after the motion was filed – the Court must require the party whose conduct necessitated the motion to pay the reasonable expenses in making the motion, unless an exception applies. Fed. R. Civ. P. 37(a)(5)(A). Similarly, Rule 37(b)(2), regarding a party's failure to comply with court orders, also requires the Court to order the disobedient party to pay the reasonable expenses caused by the failure. Fed. R. Civ. P. 37(b)(2)(C).

Prior to Defendant filing this motion, the Court had previously ordered Plaintiff to produce his vehicle for inspection in August of 2023. (Dkt. 82). Plaintiff refused to comply with the order, prompting Defendant to file its second motion to compel on October 19, 2023. (Dkt. 118). Plaintiff fails to provide any justification for his delay in allowing Defendant to inspect the vehicle beyond continuing to argue that he was not required to comply with the Court's first order until the district judge ruled on his objections. (Dkt. 221). Plaintiff has been previously informed that his contention that the

order was not in effect until the district judge overruled his objections is an incorrect interpretation of the law. (Dkt. 168, 192). "It is well-established law that filing an objection to a magistrate judge's order on a non-dispositive motion does not automatically stay that order's operation." *Playup, Inc. v. Mintas*, 635 F.Supp. 3d 1087, 1093 (D. Nev. Oct. 18, 2022) (quoting *Catelan-Gutierrez v. Bodega Latina Corp.*, 2018 U.S. Dist. LEXIS 238776, 2018 WL 4050493, at * (D. Nev. Mar. 30, 2018) (collecting cases). "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but absent a stay, he must comply *promptly* with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458 (1975) (emphasis added).

Further, Plaintiff stating that he "immediately complied" with the order on November 1, 2023, is a misrepresentation of the facts. (Dkt. 221 at 4). After the district judge overruled Plaintiff's objections to the first order, Plaintiff refused on multiple occasions, and in-writing, to produce the vehicle unless Defendant prohibited the other Defendants' counsel from attending the inspection, based on Plaintiff's mistaken and previously ruled upon belief that one Defendant was in default. (Dkt. 115, 151-1 at 9, 168, 170); *North Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447 (9th Cir. 1986) ("Belated compliance with a discovery order does not preclude the impositions of sanctions."). Plaintiff was informed numerous times that no entry of default had been entered and neither the Court nor the parties had a legal basis for preventing another Defendant from attending the inspection.

While Defendant's second motion to compel was not expressly ruled upon by the Court, Plaintiff continued to refuse to comply with the Court's first order, necessitating

REPORT AND RECOMMENDATION - 8

Defendant to file the second motion to compel. Fed. R. Civ. P. 37(b)(2). The Court instructed Plaintiff on multiple occasions that he had been ordered to produce his vehicle for inspection, yet for months he continued to disobey the order, causing Defendant to incur expenses as a result of Plaintiff's failure to comply. Fed. R. Civ. P. 37(b)(2)(C) (allowing the Court to order the party failing to comply with a court order to pay the expenses caused by such failure); (Dkt. 82, 147, 157, 168). Additionally, Plaintiff did, on December 8, 2023, eventually produce his vehicle for inspection, which provides an additional basis for the Court to grant fees because the requested discovery was provided after the filing of Defendant's second motion to compel. Fed. R. Civ. P. 37(a)(5)(A).

The Court warned Plaintiff after granting Defendant's first motion to compel the inspection of his vehicle that, "future failure to comply with proper discovery requests that necessitate a motion to compel may result in an award of costs." (Dkt. 82 at 8). Plaintiff has not provided any evidence to support that his nearly four-month long objection to the Court's order granting the inspection was substantially justified, or that such an award would be unjust. *See Freeman v. San Diego Ass'n of Realtors*, 322 F.3d 1133, 1156-57 (9th Cir. 2003) (holding that the district court did not abuse its discretion in awarding attorney fees after determining the party's failure to produce discovery was willful and the objections were not substantially justified).

Further, Plaintiff's pro se status still requires him to abide by the rules of the Court in which he litigates. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *see also Tetzner v. Hazel*, 2020 U.S. Dist. LEXIS 3276, at *9-10 (Also finding that "[i]ndegency, standing alone, does not make an award of expenses or attorney fees unjust."). As such, Defendant

is entitled to attorney fees for the expenses related to filing its second motion to compel the inspection of Plaintiff's vehicle pursuant to Rules 37(a)(5)(A) and (b)(2) of the Federal Rules of Civil Procedure.

**B.  Expenses Related to Defendant's Motion for Sanctions.**

Defendant next contends it should be awarded costs and fees incurred in bringing its motion for dismissal of Plaintiff's case as a sanction for various discovery violations. (Dkt. 180, 216). The Court granted Defendant's motion for sanctions under Rule 37(b) and (d), and therefore, instead of or in addition to the sanction already implemented by the Court, must order the payment of reasonable expenses, including attorney fees, caused by the failure, unless it was substantially justified, or such an award would be unjust. Fed. R. Civ. P. 37(b)(2)(C).

Here, the Court finds none of these exceptions apply. Once again Plaintiff has not provided any argument that his failure to follow discovery rules was substantially justified or that an award of attorney fees and costs would be unjust. Instead, Plaintiff raises arguments that his vehicle inspection and deposition were unwarranted and not proven to be necessary. (Dkt. 221). The Court finds Plaintiff's arguments in opposition of the imposition of an award of attorney fees to be an inadequate justification, as he is merely restating arguments addressed previously and found by the Court to be uncompelling in earlier decisions. Accordingly, the Court concludes that Defendant is entitled to attorney fees and costs in bringing its motion for dismissal sanctions against Plaintiff pursuant to Federal Rules of Civil Procedure 37(b)(2) and (d)(3).

REPORT AND RECOMMENDATION - 10

**C. Expenses Related to Defendant's Attempts to Depose Plaintiff.**

Finally, Defendant argues that it should be awarded its expenses related to its attempts to depose Plaintiff pursuant to Rules 30(d)(2) and 37(d). (Dkt. 217 at 12). As noted above, Rule 30(d)(2) expressly allows a court to impose "an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party" – on a person who impedes, delays, or frustrates the examination of the deponent. Fed. R. Civ. P. 30(d)(2). Additionally, Rule 37(d) provides that a court must require the party who fails to appear for their deposition after being served with proper notice to pay the reasonable attorney fees and costs, unless the party was substantially justified, or circumstances make an award unjust. Fed. R. Civ. P. 37(d)(1) and (3).

Defendant's alleged expenses include three failed deposition attempts on August 28, October 4, and December 14, 2023, court reporter fees associated with those deposition attempts, and attempts to informally negotiate with Plaintiff to secure his cooperation in compliance with the Court's case management order and subsequent orders relating to his deposition. (Dkt. 217 at 12). Further, Plaintiff filed numerous time-sensitive motions related to Defendant's attempts to depose him, requiring Defendant's responses. *Id*. at 13.

Plaintiff's response in opposition to the motion merely incorporates the arguments made in his prior attempts to terminate, limit, or have his deposition conducted remotely. (Dkt. 112, 149, 174, 221). The Court has previously addressed Plaintiff's contention that his deposition has not been proven to be a necessary step in the litigation process and that Defendant's previous attempts to depose Plaintiff were sufficient, and found those

arguments to be unsupported. (Dkt. 155, 168, 172 at 11-12, 177, 179, 192); Fed. R. Civ.

P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party,

without leave of the court."). The Court is therefore not persuaded that Plaintiff's

attempts to prevent Defendant's from deposing him were substantially justified.

Thus, the Court finds Defendant is entitled to the reasonable expenses and attorney

fees incurred relating to Defendant's attempts to depose Plaintiff, including preparing for

improperly terminated depositions, depositions properly noticed by Defendant and not

attended by Plaintiff, and the motion practice initiated by Plaintiff regarding his

deposition, pursuant to Federal Rules of Civil Procedure 30(d)(2) and 37(d).

### D. Defendant Counsel's Rates and Hours.

Since the Court has found that Defendant is entitled to attorney fees and costs

under the Federal Rules of Civil Procedure, the Court must now determine whether the

reported hourly rates and hours expended by counsel were reasonable. *Hensley v.*

*Eckerhart*, 461, U.S. 424, 433 (1983).

Defendant seeks a total monetary sanction in the amount of $29,553.73, related to

Defendant's second motion to compel, Defendant's motion for sanctions, and

Defendant's attempts to depose Plaintiff. (Dkt. 216, *Monaghan Decl.*, ¶¶ 8-15, Dkt. 219;

*Manwarning Decl.*, ¶¶ 6-10, Dkt. 218). This includes $9,285.50 in fees related to the

second motion to compel, $7,538.00 in fees related to the motion for sanctions, and

$12,730.23 in fees and costs related to Defendant's efforts to depose Plaintiff. (Dkt. 217

at 7-8).

The cost associated with Defendant's second motion to compel include $6,116.00

for attorney Monaghan's time (27.8 hours at $220 per hour), $2,970.00 for attorney

Bell's time (13.2 hours at $225 per hour), and $199.50 for paralegal time (2.1 hours at

$95 per hour). (Dkt. 217 at 9, 218, 219-1, 219-2). The cost associated with Defendant's

motion for sanctions include $5,610.00 for attorney Monaghan's time (25.5 hours at $220

per hour), $1,732.50 for attorney Bell's time (7.7 hours at $225 per hour), $110.00 for

attorney Manwaring's time (0.4 hours at $275 per hour), and $85.50 for paralegal time

(0.9 hours at $95 per hour). (Dkt. 219 at 12, 218, 219-3, 219-4). The cost related to

Defendant's attempts to depose Plaintiff include $3,938.00 for attorney Monaghan's time

(17.9 hours at $220 per hour), $5,422.50 for attorney Bell's time (24.1 hours at $225 per

hour), $230.00 for attorney Manwaring's time (0.8 hours at $275 per hour), $234.00 for

paralegal time (at $95 or $125 per hour), and $2,905.73 in sums paid to court reporters

for attendance and transcripts and videos of failed depositions attempts. (Dkt. 217 at 13,

218, 219-5, 219-6).

Defendant provided the Court with itemized statements detailing the attorneys'

billing records. Although Plaintiff did not make any direct objections to the

reasonableness of the hours spent or the rate charged, the Court has reviewed the briefing

and the record and is nevertheless required to evaluate whether the requested award is

reasonable.

### a. Hourly Rates

Associate attorney Monaghan charged $220 per hour, associate attorney Bell

charged $225 per hour, partner attorney Manwaring, charged $275 per hour, and

paralegal time was billed at $95 or $125 per hour. (Dkt. 217). Plaintiff has not objected

the requested rates, which are adequately supported in Defendant's declarations and briefing. The Court has reviewed recent attorney fee requests and orders pertaining to attorney fee awards. *See, e.g., Campbell v. Union Pac. R.R. Co.*, 2022 U.S. Dist. LEXIS 2530, 2022 WL 43878, at *4 (D. Idaho Jan. 4, 2022) (Senior Partner and Partner $325; Senior and Junior associates $250; legal professionals $120); *Shepler v. Reliance Std. Life Ins. Co.*, No. 2:21-cv-00299-CWD, (D. Idaho June 13, 2023) (Mem. Decision and Order, Dkt. 61) (Senior Partner $350 - $425; Junior Partner $350; Associate $265; paralegal $135). Because the Court is very familiar with the local market rates in the District of Idaho and has awarded fees in excess of what the Defendant is seeking in previous cases, the Court finds that Defendant attorneys' claimed hourly rates are reasonable. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (finding it is not an abuse of discretion for a district court to rely in part on its own knowledge and experience in determining a reasonable hourly rate).

### b. Hours Expended

Once the Court determines the reasonable hourly rate to be applied to calculate the lodestar number, the next step is to evaluate whether the hours expended were reasonable. *Hensley*, 461 U.S. at 433-34. The party requesting fees "should make a reasonable effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" and bears the burden of submitting evidence to establish the reasonableness of the expended hours. *Id*.; *Blum*, 465 U.S. at 897.

The Court has examined the declarations of attorneys Monaghan and Manwaring, as well as the itemized exhibits listing the time billed in relation to the two motions and

the respective deposition efforts. (Dkt. 218, 219). The majority of time billed is supported and appropriate. However, the Court has identified two instances of billing from the itemized records that should be reduced.

First, the Court notes there is $264.00 billed by attorney Monaghan, $495.00 billed by attorney Bell, and $19.00 of paralegal time spent between June 14, 2023, and August 28, 2023, in relation to Defendant's second motion to compel inspection of Plaintiff's vehicle. (Dkt. 219-2 at 1). However, after evaluation of the dates and available descriptions of the billing itemizations by attorneys Monaghan and Bell and paralegal Altig, it appears that this time was instead spent on Defendant's first motion to compel. (Dkt. 82, 219-2 at 1). While the Court granted Defendant's first motion to compel the vehicle inspection on August 15, 2023, it specifically declined to award costs on that basis. (Dkt. 82 at 7-8) ("[T]he Court will deny FMC's request for costs on the present motion to compel."). Because the costs related to Defendant's first motion have previously been denied, the Court will not award such fees here. As such, the Court will reduce attorney Monaghan and Bell's fees related to the second motion to compel by $264.00 and $495.00, respectively, and paralegal fees related to the second motion to compel by $19.00.

Second, also billed by attorney Bell relating to Defendant's second motion to compel, is $899.50 of billed time that the Court finds instead relates to the Court hearing on three of Plaintiff's motions held on November 16, 2023. (Dkt. 155, 219-2 at 1-2).[4]

---

[4] Per the itemized billing descriptions, the Court informed Defendant that the second motion to compel would not be heard at the upcoming hearing on October 23, 2023. (Dkt. 219-2 at 1). The following entries

REPORT AND RECOMMENDATION - 15

While Defendant initially requested that the Court take up the second motion to compel at that hearing, the Court declined to do so. Once the Court informed Defendant that it declined to take up the motion at the November 16 hearing, all remaining time spent in relation to the hearing should not have been billed in association with the second motion to compel inspection of Plaintiff's vehicle. Thus, the Court will further reduce attorney Bell's fees by $899.50.

## CONCLUSION

Ultimately, Plaintiff has not carried the burden to establish attorney fees should not be awarded here. *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (The party opposing the award of fees has the burden of rebuttal and must submit evidence challenging the accuracy and reasonableness of the hours charged.) Therefore, the Court finds Defendant is entitled to an award of attorney fees associated with the second motion to compel, motion for sanctions, and Defendant's efforts to depose Plaintiff.

Beyond the reduction of fees relating to the second motion to compel by $19.00 in paralegal fees, $264.00 of fees from attorney Monaghan, and $1,394.50[5] of fees from attorney Bell, the Court has not identified any other duplicative, excessive, or unnecessary time spent by Defendant's attorneys. Accordingly, the Court finds that the lodestar amount is $27,876.23. More specifically, the Court concludes that Defendant

---

therefore relate to the hearing and not Defendant's second motion to compel: 10/30/23 – 0.2 hours billed relating to Plaintiff's filings and upcoming hearing, 10/30/23 – 0.1 hours billed relating to the Court rescheduling the hearing, 10/31/23 – 0.1 hours billed relating to the Court rescheduling the hearing, 10/31/23 – 0.1 hours billed informing national counsel of rescheduled hearing, 11/16/23 – 1.1 hours billed preparing for hearing, and 11/16/23 – 2.4 hours billed to appear at hearing. (Dkt. 219-2 at 1-2).
[5] $495.00 plus $899.50 equals a total bill reduction of $1,394.50 for attorney Bell.

should be awarded $7,608.00[6] in total cost associated with its second motion to compel inspection, $7,538.00 in relation to its motion for sanctions, and $12,730.23 as a result of Plaintiff's refusal to be deposed, for a total award of $27,876.23.

## RECOMMENDATION

NOW THEREFORE IT IS HEREBY RECOMMENDED that Defendant FMC's Motion for Attorney Fees and Costs (Dkt. 216) be **GRANTED in part** in the amount of $27,876.23.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: June 25, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge

---

[6] The total requested cost associated with the second motion to compel was $9,285.50. (Dkt. 217 at 9). The Court reduced that cost by $1,677.50 ($1,394.50 plus $264.00 plus $19.00) as explained in detail above.